## DODGE *v.* WELLMAN.

March, 1869.

Affirming 42 *Barb.* 390.

Where a purchaser of land in possession, surrenders his contract, and procures a deed to be made by his vendor, to a third person, in consideration of the latter advancing unpaid purchase money necessary to procure the conveyance, and promising, orally, to give him a written obligation to convey to him on the repayment of the advance, &c, a court of equity will enforce performance of the parol promise.[*]

This will be done upon the principle that a party will not be permitted to insist on the statute of frauds, to protect him in the enjoyment of advantages procured from another, in faith of an oral agreement on which the latter has acted, and in faith whereof he has placed himself in a situation in which he must suffer wrong and injustice.

---

[*] Followed in Carr *v.* Carr, 4 *Lans.* 314, 330.

Dodge v. Wellman.

Not only is the purchaser entitled to enforce such promise, but the grantee in the deed cannot recover possession meanwhile, if the original contract entitled the purchaser to remain in possession, and it does not appear that, in assuming the place of the vendor, the grantee stipulated for any change in this respect; or if the parol agreement provided that he should have interest annually on the advance, for this imports that the purchaser should have the rents and profits.

John Dodge, executor of John McBurney, deceased, continued in the court of appeals, a suit in ejectment commenced by his testator in the supreme court.

The land in question, on about January 9, 1860, was owned by John Hunting, and was occupied by the defendant under an agreement to purchase, which had then about a year to run. At that time defendant entered into an oral agreement with plaintiff by which plaintiff agreed to advance and pay to Hunting the amount due on defendant's contract, to take a deed of the premises to himself, and then to give defendant a written contract for the conveyance of the land to him in five years thereafter, upon payment of the money advanced, with interest thereon.

Plaintiff accordingly paid the purchase money due on defendant's contract with Hunting, and took a deed to himself, defendant surrendering his agreement to purchase to Hunting.

He then refused to give a contract to defendant, and brought this action of ejectment. The defendant, before the oral agreement with plaintiff, had been in possession of the land under his contract with Hunting six or seven years, and had cultivated it as a farm, and had made betterments and improvements thereon.

The judge at the trial having found these facts, decided that the oral agreement between plaintiff and defendant was void, by the statute of frauds, and gave judgment for plaintiff.

*The supreme court*, at general term, reversed the judgment, and ordered a new trial, on the ground that defendant's deed was, in equity, merely a mortgage, and the money paid by plaintiff to Hunting was not purchase money, but merely a loan to defendant, and that under the Code this equitable defense might be set up as a defense in an action of ejectment. (Reported in 42 *Barb.* 390.) From the order for a new trial plaintiff appealed to

the court of appeals, stipulating that if the order were affirmed judgment absolute should be rendered against him.

*Geo. T. Spencer*, for defendant, respondent;—As to the point that defendant was the owner in equity;—cited Moyer *v.* Hinman, 13 *N. Y.* (3 *Kern.*) 180; *Story Eq.* § 790; Rood *v.* N. Y. & Erie R. R. Co., 18 *Barb.* 80, 83; Murray *v.* Walker, 31 *N. Y.* 399. And that his interest would descend to his heirs as real estate, and that his widow would be entitled to dower on it. Moore *v.* Burrows, 34 *Barb.* 173; Adams *v.* Green, *Id.* 176; Griffith *v.* Beecher, 10 *Id.* 432, 434. That the transaction was not a sale of land, but a loan by plaintiff to defendant. Morris *v.* Nixon, 1 *How.* (*U. S.*) 118; 1 *Powell on Mort.* 284; Conway *v.* Alexander, 7 *Cranch*, 241; Vernon *v.* Bitter, 2 *Edm.* 110; Oldham *v.* Halley, 2 *J. J. Marsh*, 114; 2 *Amer. Leading Cases*, part 2, 435; *Coat. on Mort.* 15, note a, and cases cited. That the conveyance by Hunting to plaintiff was in equity a mortgage. 3 *Leading Cases in Equity*, part 2, 432; Robinson *v.* Cropsey, 6 *Paige*, 480; 2 *Amer. Leading Cases*, part 2, 435; Webb *v.* Rice, 1 *Hill*, 606; Swart *v.* Service, 21 *Wend.* 35; Huster *v.* Medina, 3 *Watts & S.* 384; Rice *v.* Rice, 4 *Pick.* 349; Hodges *v.* Tennessee Mar. & Fire Insurance Co. 8 *N.Y.* (4 *Seld.*) 416; Despard *v.* Walbridge, 15 *N. Y.* 374; Goder *v.* Staniford, *T. Monroe*, 480; *Story Eq. Jur.* § 1018; Marks *v.* Pell, 1 *Johns. Ch.* 594; Cook *v.* Mancius, 4 *Id.* 166; James *v.* Johnson, 6 *Id.* 417, 432; Clark *v.* Henry, 2 *Cow.* 324; 1 *Hill. on Mort.* 529; Walton *v.* Cronly, 14 *Wend.* 64; 4 *Kent Com.* 142–3; Taylor *v.* Luther, 2 *Sumn.* 232; Ryan *v.* Dox, 34 *N. Y.* 307, overruling S. C., 25 *Barb.* 440.

*George B. Bradley*, for plaintiff, appellant.—That there was no loan of money by the plaintiff to McBurney;—cited Glover *v.* Payn, 19 *Wend.* 518, 20–21; Saxton *v.* Hitchcock, 47 *Barb.* 220. That the conveyance to plaintiff was a deed, and not a mortgage. Baker *v.* Thrasher, 4 *Den.* 493; Cooper *v.* Whitney, 3 *Hill*, 95; Ryan *v.* Dox, 25 *Barb.* 440; Brown *v.* Dewey, 2 *Id.* 28; Holmes *v.* Grant, 8 *Paige*, 243; Quirk *v.* Rodman, 5 *Duer*, 285; The case of Palmer *v.* Gurnsey, 7 *Wend.* 248, disapproved in Baker *v.* Thrasher, 4 *Den.* 493, and in Cooper *v.* Whitney, 3

Dodge *v.* Wellman.

*Hill,* 95. That if there had been a loan by plaintiff to defendant the title to the land would still be in plaintiff by the statute against resulting trusts. *R. S.* part 2, c. 1, title 2, § 51; Garfield *v.* Hatmaker, 15 *N. Y.* 475; McCartney *v.* Bostwick, 32 *N. Y.* 53–59; Moore *v.* Spellman, 5 *Den.* 225; Jackson *v.* Van Slyck, 8 *Johns.* 487. That defendant was not entitled to the possession, and could not set up his equitable defense in this action. Kellogg *v.* Kellogg, 6 *Barb.* 116, 127; Spencer *v.* Toby, 22 *Id.* 260, 268; Suffern *v.* Townsend, 9 *Johns.* 35; Eggleston *v.* N. Y. & H. R. R. Co., 35 *Barb.* 162.

BY THE COURT.—WOODRUFF, J.—The statute of frauds, which declares every contract for the sale of lands, or any interest in lands, shall be void unless the same or some note or memorandum thereof, expressing the consideration, be in writing subscribed by the party by whom the sale is to be made, at the same time in terms declares that this provision shall not be construed to abridge the powers of courts of equity to compel the specific performance of agreements in cases of part performance. 2 *R. S.* 135, §§ 8,10.

If, therefore, the relation between the plaintiff's testator and the defendant established by the transaction in question be that of vendor and vendee, the question arising thereupon is, has there been such a part performance of the parol agreement by the defendant that a court of equity would enforce the agreement against the plaintiff?

And on the other hand, if the relation established by the transaction between the defendant and the testator be that of mortgagor and mortgagee, then the questions are whether the defeasance can be proved by parol, and can the plaintiff be permitted to sustain an ejectment and turn the defendant out of possession?

In my opinion the facts found by the court on the trial present a case of a mixed nature, in which the plaintiff was clearly a lender of money to the defendant which the latter was bound to repay, and which the testator could have compelled him to repay, and in which for the testator's security he was substituted for the former owner of the premises, agreeing as vendor to convey the premises to the defendant on the repayment of the sum

advanced, within five years, with the interest thereon payable annually in the mean time.

Now as to such agreement, it is not material whether proof of the facts be regarded as establishing that the testator was mortgagee, or vendor ; if upon the facts found a court of equity, for the prevention of fraud and injustice, will enforce the agreement, the action cannot be sustained.

To the right apprehension of the case it is not enough to say that the testator, being the holder of the legal title, agreed by parol to convey it upon the payment or the repayment to him of the sum named, and this agreement the defendant now relies upon. That is a very incomplete presentation of the case. We must go further back, viz : to the *status* of the parties when the parol agreement was made,—see what the agreement was, and what was done towards the performance thereof, and, finally, in what condition the parties are left if the further performance is refused. And then the question whether this will be permitted by a court of equity, will be prominently exhibited.

The defendant was the equitable owner in possession of the land in question. He held an agreement valid in law and in equity for the conveyance to him of the legal title on payment of the price that he had in part paid, and had, in reliance upon his equitable title, cultivated the land as a farm, and " made betterments and improvements thereon."

This constituted him the equitable owner, and the vendor (Hunting) trustee in equity, holding the legal title subject to the equitable rights of the defendant. The latter could have compelled a conveyance to himself, beyond all question.

In this condition of the title, the residue of the purchase money being about to become payable, the defendant applied to the testator and requested him to advance the money (two hundred and eighty-four dollars) and take the conveyance to himself, giving to the defendant his contract for the conveyance of the land on repayment to him of the money so advanced. And it was thereupon by parol agreed that the defendant should procure the conveyance to be made to the testator, he should advance the money and give the defendant such contract for the conveyance to him upon the payment of such advance in five years with interest payable annually.

Dodge *v.* Wellman.

Now it may be conceded that while this agreement remained wholly executory, the parties could not have enforced it, either at law or in equity; but it did not so remain. The defendant at once entered upon its performance; he surrendered to the original vendor his contract of purchase, as a consideration for a conveyance to the testator, and procured a conveyance to to made by the former vendor of this plaintiff, received the deed himself, and carried and delivered it to the latter, who thereupon advanced the money stipulated for, delivering the check therefor to the defendant. Thereupon the testator sets him at defiance, refuses to give him any contract or writing declaring the rights of the defendant, and now prosecutes an ejectment to turn the latter out of possession.

So gross a fraud ought not to be permitted; and I am quite certain that the principles upon which courts of equity enforce agreements that have been in part performed are an adequate protection to the defendant.

The moment the testator had received the deed procured for him by the defendant, and had refused to execute a proper instrument declaring the terms upon which the defendant had invested him with the legal title, the court of equity would have entertained a bill to compel such a declaration.

The prevention of fraud would have been ample ground for equitable interposition, and nothing in the statute of frauds in any degree interferes with the exercise of that jurisdiction; but on the contrary either with or without the saving in the statute above referred to, the court always prevents the use of the statute as a cover and protection to the fraudulent party.

And as courts of equity will assume, for the purpose of testing the rights of the parties, that that is done which ought to be done, and which, upon the facts disclosed the court would compel the plaintiff to do, this action will be disposed of as if the testator had performed his parol agreement by executing and delivering the writing which he agreed to deliver, and in expectation whereof the defendant surrendered his former contract, and procured a conveyance of the land to the testator.

The leading case of Parkhurst *v.* Van Cortlandt, 14 *Johns.* 15, is in full support of these views, and subsequent cases unfold and apply the principle that a party will not be permitted to insist

upon the statute of frauds to protect him in the enjoyment of advantages procured from another in faith of an oral agreement on which the latter has acted, and in faith whereof he has placed himself in a situation in which he must suffer wrong and injustice. See Brown *v.* Lynch, 1 *Paige,* 147; Lowry *v.* Tew, 3 *Barb. Ch.* 407; Hodges *v.* Tennessee Marine & Fire Ins. Co., 8 *N. Y.* 416; Despard *v.* Walbridge, 15 *N. Y.* 374; and Ryan *v.* Dox, 34 *N. Y.* 307; and other cases there collected; 2 *Story Eq. Jur.* § 759, *et seq.*

It is, however, insisted that this is not a bill by the defendant to compel the performance of the parol agreement, but an action by the alleged vendor to recover the possession, and that, even admitting that defendant will be in equity entitled to his deed on payment of the price, the testator was entitled to the possession in the mean time.

That depends upon the intent of the parties appearing upon a view of the entire transaction. The defendant was in possession, and had by the acquiesence of the former vendor been in possession making improvements, &c., for many years; in substance the testator consented to be placed in the shoes of such vendor. Nothing is stipulated in regard to any surrender of possession by the defendant, and nothing indicates that the testator expected it. I think it clear that the former vendor would not have been permitted, so long as the defendant was not in default, to have deprived the defendant of the possession of the land and the enjoyment of the improvements he had been induced to make by the contract and the possession given to him under it. And it is equally clear that the testator, to entitle him to possession, should have shown affirmatively that a change in this respect was agreed to when he consented to be substituted in the place of the vendor.

Besides this however, it is conclusive against this claim of the testator, that the parol agreement, as found by the court, provides that the testator shall have interest paid to him annually on the sum advanced.

This not only indicates that the advance was understood and treated as a mere loan, whatever was the technical form of the transaction—but it indicates moreover that the parties meant that the testator should have interest, and the defendant

have the rents and profits. It would be plainly inequitable that the testator should have the use of the land and interest also. This of course does happen whenever a mortgagee is in possession, but always subject to an accounting by the latter in which such rents and profits are applied towards satisfaction of the mortgage debt and the interest thereon.

Here it was contemplated that the defendant should continue to occupy as he did occupy, when, and long before, and for more than two years after, the agreement with the testator was made. This plaintiff will be left to pursue his remedies under the agreement, but was not in equity entitled to possession in this action.

I think the order appealed from should be affirmed, and judgment absolute for the respondent with costs be ordered pursuant to the appellant's stipulation.

A majority of the judges concurred.

Judgment accordingly.