FRANCIS M. BURDICK as Assignee in Bankruptcy, etc.,
    Appellant, v. IDA J. JACKSON and others, Infants,
    Impleaded with others, Respondents.

*Mortgage — Parol agreement to execute mortgage — when it creates a lien — Statute of
frauds — Guardian — Bankruptcy — fraudulent preference.*

An agreement, based upon a valuable consideration, to give a mortgage, will be
treated in equity as a mortgage. And if such agreement be made with the
guardian of infants, it is well executed by a mortgage to them. Even if the
agreement was within the statute of frauds for the reason that it was not
in writing, yet when the mortgage is actually delivered, all objection on that
ground is removed.

A parol agreement in respect to lands cannot be avoided in equity because it is
not in writing, when there has been a part performance of it.

An assignee in bankruptcy stands in the shoes of the bankrupt, and takes the
transfer of the bankrupt's estate, subject to the liens upon it; and a mortgage
given by a bankrupt eighteen days before the filing of the petition, if given
pursuant to a parol agreement so to do, made fifteen months before, and based
upon a good consideration, is not a fraudulent preference which will be
adjudged void under the provisions of the bankrupt act.

If the guardian of infants violates his duty toward them in making an agree
ment, it is for them alone to disavow the authority of the guardian.

Appeal from a judgment entered on the report of a referee dis-
missing the complaint.

The action was brought by the plaintiff, as assignee in bank-
ruptcy, to set aside a mortgage given by the bankrupt to his nieces,
the defendants Ida J. Jackson and Carrie A. Jackson, on the
ground that it was a fraudulent preference under the bankrupt act.
The mortgage was executed eighteen days before the filing of the
petition in bankruptcy, but was given in pursuance of a parol
agreement between the bankrupt and the guardian of the infants
more than fifteen months before.

The action was originally brought in the United States Circuit
Court, but was afterward, for the convenience of both parties,
removed to this court with the understanding that no jurisdictional
questions should be raised.

This appeal was argued at the January term, 1875, and a reargu-
ment ordered at the October term following.

*Alfred C. Coxe,* for the appellant, cites *Swarthout* v. *Curtiss* (1 Seld., 302); *Putnam* v. *Ritchie* (6 Paige, 390); *Smith* v. *Dibrell* (31 Tex., 239); also, see *Mortimer* v. *People* (49 Ill., 473); *Smith* v. *Gilmer* (64 N. C., 546); *Powell* v. *Boon* (43 Ala., 459); *Houston* v. *Deloach* (id., 364); *Hall* v. *Hall* (id., 448); *White* v. *Nesbitt* (21 La Ams., 600); 4 Kent, 151, and cases cited, note C.; 2 Story Eq., § 1020; *Hooper, ex parte,* 19 Vesey, 477; 11 id., 403; 12 id., 192; Coote on Mortgages, 147, 163; 1 Powel on Mortgages, 74 (100 Bost. ed.); *Van Doren* v. *Todd* (2 Green Ch., 397); 1 Hill. on Mortgages, 626; *Clabaugh* v. *Byerly* (7 Gill, 354); 3 R. S. (5th ed.), 220; *Marquot* v. *Marquot* (7 How., 417); *Hill* v. *Smith* (2 McLean, 446); *Cookingham* v. *Morgan* (5 B. R., 133); *Maloney* v. *Horan* (53 Barb., 29); *Keeting* v. *Keeper* (5 B. R., 133); *Hildreth* v. *Sands* (2 Johns. Ch., 35); *Worsley* v. *DeMattos* (1 Burr., 467); *Hungerford* v. *Earl* (2 Vern., 261); *Lewkner* v. *Freeman* (2 Free., 234); *Constantine* v. *Twelves* (29 Ala., 607); *Barker* v. *Barker* (2 Law Times, 388; reported also 12 Bank Reg., 474); *Brayley* v. *Greenleaf* (7 Wheat., 46); *Gann* v. *Chester* (5 Yerg., 305); *In re Wright* (2 B. R., 155); *In re Arnold* (id., 61); *White* v. *Rafferty* (3 id., 53); *Scammon* v. *Cole* (5 id., 257); *Hall* v. *Wager* (id., 181); *Wilson* v. *Stoddard* (4 id., 76); *Warren* v. *Bank* (10 Blatch., 493); *Buchanan* v. *Smith* (8 id., 153); affirmed 7 Bk. Reg., 205); *Vogle* v. *Lathrop* (4 id., 439); *In re McKay* (7 B. R., 230); *In re Connor* (1 Lowell, 532); *In re Leland* (10 Blatch., 503); *Arnold* v. *Maynard* (2 Story, 349); *Forbes* v. *Howe* (102 Mass., 427); *Graham* v. *Stark* (3 B. R., 99).

*C. D. Adams,* for the respondents. The agreement to give this mortgage was a specific lien on the land (1 Paige, 124; id., 279; 3 N. Y., 185; 21 id., 581); not within statute of frauds (Willard's Eq., 284; 4 Kent, 451; 1 Story Eq., § 761, 762, 764; 3 Barb. Ch., 407; 34 N. Y., 307–311; 43 id., 34–38; 1 Story Eq. Jur., § 64, *g*). The plaintiff as assignee in bankruptcy, only succeeds to the place of Morgan P. Jackson. (Bankrupt act, § 15; 6 Nat. Bankr. Reg., 10; 8 id., 447; 7 id., 230; 45 N. Y., 175; 50 id., 214; Bump's Bankruptcy [5th ed.], 480, 481; 102 Mass., 427; *Cook* v. *Whipple,* 55 N. Y., 150; also, 9 Bankr. Reg., 274; 10 id., 173; 52 N Y., 274.)

GILBERT, J. :

We concur fully with the referee in his conclusions of fact and of law. One of the first principles of equity is that it looks upon things agreed to be done, as actually performed. Acting upon this principle, courts of equity in England and in this country have held, that an agreement based upon a valuable consideration to give a mortgage, will be treated in equity as a mortgage. That doctrine has been acted upon so frequently and for so long a period of time that it may justly be regarded as forming a part of the law of the land. (Story Eq. Jur., § 553 ; *Russell* v. *Russell*, 1 Bro. C. C., 269, and notes to that case in 1 Lead. Cases Eq., 541 ; *Read* v. *Simons*, 2 Desauss., 552 ; *Welsh* v. *Usher*, 2 Hill Eq., 167 ; *Dow* v. *Ker*, 1 Spen. Esq., 414 ; *Bank* v. *Carpenter*, 7 Ohio, 21 ; *In re Howe*, 1 Paige, 125 ; *Chase* v. *Peck*, 21 N. Y., 581 ; Willard Eq. [Potter's ed.], 441, *et seq.*) If therefore, the agreement of December, 1871, had been made directly with the defendants Ida and Carrie, there can be no question that it would have given them a specific, equitable lien upon the land in controversy, which would have been prior and paramount to the title of the plaintiff, and to the general liens of the judgment creditors whom he represents. Having been made with their guardian while they were infants, it inured to their benefit and was well executed by the mortgage to them. Conceding that while the agreement remained executory it was within the statute of frauds, and so not enforceable, for the reason that it was not in writing, yet, when the promissor actually executed the agreement, by a delivery of a formal mortgage, all objection to its validity, on that ground, was removed, and the agreement became as effectual for all purposes, as if it had been reduced to writing originally. (*Siemon* v. *Schurck*, 29 N. Y., 598 ; *Dodge* v. *Wellman*, 1 Abb. Ct. App. Dec., 512 ; *In re Howe, supra;* *White* v. *Carpenter*, 2 Paige, 217 ; *Arnold* v. *Patrick*, 6 id., 310.) Under our statute a parol agreement, in respect to lands, cannot be avoided in equity, because it is not in writing, where there has been a part performance of it. (*Freeman* v. *Freeman* 43 N. Y., 34.) *A fortiori*, it cannot where it has been fully executed. The plaintiff is not a *bona fide* purchaser, but stands in the shoes of the bankrupt. He cannot, therefore, assert any better right than the bankrupt himself. The execution of the mortgage gave

the defendants a lien, which took effect, by relation, as against the bankrupt and purchasers from him with notice, at the time the agreement to give it was made. (Auth. Sup.) The plaintiff, not being a *bona fide* purchaser, took the transfer to him subject to that lien. That being so, no question of fraud or of a preference in violation of the provisions of the bankrupt act has arisen, and the evidence precludes any inference of other kinds of fraud. It is unnecessary to review the cases cited on behalf of the appellants, for none of them seem to us to conflict with the foregoing views.

The plaintiff is not in a position to raise the objection that the agreement to discharge the old mortgage, and to receive the new one in lieu of it, was invalid because the guardian violated his duty and transcended his power in making such an agreement. Such a transaction is not absolutely void, but is voidable only, at the election of the infants on coming of age. It being obviously for the benefit of the infants that the lien shall be established and upheld, we will give effect to the intendment, that their ratification will be forthcoming at the proper time, and to the rule that no one but themselves can disavow the authority of their guardian to make the agreement. (Co. Lit., 2 *b ;* 2 Kent Com., 236 ; *Keane* v. *Boycott*, 2 H. Bl., 511 ; *U. S.* v. *Bainbridge*, 1 Mason, 82.) The plaintiff has no claim to be the champion or protector of the infants, and can acquire no rights by assuming that character.

Some objections to the admission of evidence were taken by the plaintiff. We think they were properly overruled.

The judgment should be affirmed, with costs, to be paid out of the estate of the bankrupt, if that is sufficient; otherwise by the plaintiff personally.

SMITH, J., concurred.

MULLIN, P. J., concurred solely on the ground that it was shown on the trial that the defendants were not at the time of receiving the mortgage aware of the insolvency of the mortgagor, and that the mortgage, as to them, was in fraud of the bankrupt law.

Judgment affirmed, with costs.