(111 App. Div. 879)

HELLMAN v. CITY TRUST, SAFE DEPOSIT & SURETY CO. OF PHILA-
DELPHIA.

(Supreme Court, Appellate Division, First Department. March 16, 1906.)

PRINCIPAL AND SURETY—DISCHARGE OF SURETY—ESTOPPEL TO CLAIM.

> Where a surety on a building contractor's bond consented by parol to modifications of the contract by which a provision authorizing the owner to retain 15 per cent. of the contract price until the work was completed, was waived by him and the time for performance was extended, the surety was estopped from contending that these modifications discharged it from liability.

> [Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and Surety, §§ 366–369.]

Appeal from Trial Term, New York County.

Action by Myer Hellman against the City Trust, Safe Deposit & Surety Company of Philadelphia. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRA-HAM, LAUGHLIN, and CLARKE, JJ.

John A. Straley, for appellant.
William R. Conklin, for respondent.

LAUGHLIN, J. The complaint shows that on the 7th day of December, 1898, the plaintiff entered into a contract in writing with one Blake, by which the latter agreed to do certain work, consisting of blasting rock and excavating for sewer connections on premises at the northwest corner of Madison avenue and 117th street, on or before the 15th day of July, 1899, and other work consisting of blasting and removing rock from the same premises on or before the 15th of May, 1899; that Blake, as principal, and the defendant, as surety, duly executed a bond to the plaintiff in the penalty of $10,000, conditioned for the faithful performance of the contract by Blake; that the contract provided that partial payments should be made on account of the contract work every 15 days on certificates of a designated surveyor as to the amount earned, but that 15 per cent. should be reserved until the completion of the work; that the plaintiff kept and performed all of the terms and pro-

visions of the contract, except that "with the full knowledge, approval, and consent of the defendant" the provision with respect to reserving the 15 per cent. until final payment was waived, and that with like knowledge, approval, and consent of the defendant there was a substitution of surveyors and an extension of the time of performance from time to time, and that the provisions as to strict performance thereof on the part of Blake and the plaintiff were waived by the defendant; that Blake failed to perform and abandoned the contract and refused to proceed therewith as therein required, and the plaintiff was obliged to proceed with the work and to expend in the performance thereof, including the amount paid to Blake, more than the penalty of the bond above the contract price.

Counsel for plaintiff, in opening the case, did not waive any right of his client to prove the material allegations of his complaint or make any admission inconsistent therewith. He stated that plaintiff would prove that, during the progress of the work, Blake was falling behind in paying for the labor, and that Blake, plaintiff, and plaintiff's counsel called on defendant, and Blake requested the defendant to consent to the payment of the full amount earned from time to time without deduction, in order that he might be able to perform the contract, and that with full knowledge and consent of all the parties the provision with respect to withholding the 15 per cent. was waived, and thereafter payments in full were made; that the time of performance was first extended 45 days, with the consent in writing of the defendant, and that thereafter, when Blake was again in default with respect to the time of completion, a conference was had between him, plaintiff, and defendant, and with the full knowledge and consent of the defendant the time of performance was further extended from time to time, and strict performance as to time was "wholly waived by the defendant"; that subsequently, at a like conference between all the parties, a substitution of surveyors was agreed upon, and that thereafter, with full knowledge and approval of defendant, Blake continued the work, receiving payments in full from time to time on the certificate of the substituted surveyors, until the middle of May, 1900, when he abandoned the contract, having a large part of the work uncompleted; that after giving the notices required by the contract, and continued default on the part of Blake, and notice to defendant of his default, and an opportunity to it to take charge of and complete the work, plaintiff completed it at an expense, including the payments made to Blake over the contract price, of more than the penalty of the bond. The judgment was granted and is sought to be sustained, upon the theory that parol evidence is not admissible to show the facts alleged and offered to be proved.

The defendant's contract being one of suretyship, it is claimed that it could not be waived in any of the three particulars specified, except by an agreement in writing. Of course, a valid new contract could not be made by parol, nor could the liability of the surety be enlarged or extended by parol. Here, however, was an existing contract in the performance of which the surety was interested, because it was liable therefor. In the circumstances disclosed, it evidently appeared to be to the interest of the surety to have the provision with respect to reserving part of the amount earned waived, and likewise with respect to

the time of performance. Having consented to these modifications at the instance of its principal, and the plaintiff having acted thereon manifestly to his prejudice if the consent and waiver were now to be repudiated, the defendant is estopped from contending that these modifications with respect to performance discharge it from all liability. Thomson v. Poor, 147 N. Y. 408, 42 N. E. 13; Gallagher v. Nichols, 60 N. Y. 438; Smith v. Wetmore, 167 N. Y. 234, 60 N. E. 419; Blanchard v. Trim, 38 N. Y. 225; Roberge v. Winne, 144 N. Y. 709, 39 N. E. 631; Dodge v. Wellman, 1 Abb. Dec. 512; Klein v. Lang, 27 App. Div. 158, 50 N. Y. Supp. 419; N. Y. Life Ins. Co. v. Casey, 81 App. Div. 92, 81 N. Y. Supp. 1; Wood on Frauds, § 403; Brant on Suretyship, § 439; Prairie St. Nat. Bank v. U. S., 164 U. S. 227, 17 Sup. Ct. 142, 41 L. Ed. 412.

It follows that the judgment should be reversed, and new trial granted, with costs to appellant to abide the event. All concur.