LENA OSTERWEIL, Landlord, *v.* FALDO & RIZZO, Tenants.

(Municipal Court of the City of New York, Borough of Manhattan, Sixth District, November, 1920.)

**Landlord and tenant — summary proceedings — Statute of Frauds — evidence — equity.**

The Statute of Frauds cannot be used as an instrument of fraud. (P. 398.)

Where it appears that a party to a parol agreement in respect to lands has done or omitted to do acts in reliance upon such an agreement or that it has been partially performed, a court of equity will enforce the agreement. (Id.)

Upon the expiration of a written lease it was orally agreed between the tenants and the agent of the then owner to extend the lease for two years at eighty-five dollars per month, and the tenants have since remained in possession. In the meantime and subject to said lease, the premises were conveyed to the present landlord, who soon thereafter gave a written notice to the tenants that the rent would be one hundred dollars per month, beginning September 1, 1920. In summary proceedings for the non-payment of the September rent, it appeared that the landlord, upon accepting her deed, gave a mortgage which was also subject to the lease and with full knowledge of the facts accepted the rent for the preceding three months. Upon dismissing the petition, *held*, that a lease between the tenants and the agent of the former owner, though executed after the contract to convey, and received in evidence, removed all objctions to the oral agreement on the ground of the Statute of Frauds, and that upon the execution of said lease the oral agreement became as effectual for all purposes as if originally reduced to writing. (Pp. 396, 397.)

SUMMARY proceedings for non-payment of rent.

Municipal Court of New York, November, 1920. [Vol. 113.

Michael Heinfeld, for landlord.

Samuel Mazzola, for tenants.

GENUNG, J. The landlord herein has instituted summary proceedings for non-payment of rent of premises known as No. 2077 Second avenue, borough of Manhattan.

The tenants admit that during the month of July they recived notice from the landlord herein that the rent of the store would be $100 per month, beginning with September 1, 1920. The present proceeding is brought by the landlord for non-payment of rent in said amount.

It appears that the tenants were originally in possession under a written lease for a term of three years, which expired in August, 1919. At that time an oral agreement was entered into between the tenants herein and the agent of their former landlord, the then owner of the premises, to extend this lease for a period of two years at the rental of eighty-five dollars per month. The tenants remained in possession under and pursuant to this arrangement, made their plans accordingly, and have continued there until the present time.

On June 15, 1920, the former landlord conveyed title to and seisin of the premises to the present landlord, the plaintiff herein.

The present landlord cannot disclaim having knowledge of the letting hereinbefore referred to, because it appears that she took title by a contract of sale, dated April 28, 1920, " subject to lease of corner store expiring August 31, 1921, at eighty-five dollars per month."

It also appears that the present landlord accepted the deed to the premises containing the same " subject " clause just quoted, and that she gave in return

a mortgage, signed and executed by her, and likewise subject to said clause. It further appears that she accepted from the tenants herein the rental in the aforesaid amount for the months of June, July and August, 1920, with full knowledge of the foregoing facts.

It is therefore apparent, to my mind, that the landlord herein is attempting to take advantage of the oversight on the part of the agent of the former landlord of the premises in failing to prepare and have executed a written lease, in conformity with the oral agreement of the parties made in August, 1919, although she in fact purchased the premises subject to said lease.

At the trial the tenants submitted in evidence a lease executed between them on the one hand and the agent of the former landlord on the other hand, said lease having been admittedly executed on July 31, 1920. It appears that there is no fraud in the making of this lease. There is ample authority in the books that a memorandum may be executed at any time prior to the time of the trial, so as to satisfy the Statute of Frauds. Conceding that, while the agreement between the former landlord and the tenants remained executory, it was within the Statute of Frauds and therefore not enforcible either affirmatively or by way of defense for the reason that it was not in writing; yet, when the former landlord, through his duly authorized agent, actually executed and delivered the agreement, under and pursuant to the terms of the oral arrangement theretofore made, all objections to the validity on the ground of the Statute of Frauds was removed, and it seems to me that thereupon the agreement became as effectual for all purposes as if it had been reduced to writing originally. *Burdick* v. *Jackson,* 7 Hun, 488; *Siemon* v. *Schurck,* 29 N. Y. 598;

*Dodge* v. *Wellman*, 1 Abb. Ct. App. Dec. 512; *Matter of Howe*, 1 Paige, 125; *White* v. *Carpenter*, 2 id. 217; *Arnold* v. *Patrick*, 6 id. 310.

Even if the written lease executed on July 31, 1920, were eliminated from consideration by the court, it seems that, nevertheless, the tenants are entitled to a dismissal of the petition. It is too elementary to require citation of authority that this court to-day has jurisdiction over equitable defenses. Under the Statute of Frauds, a parol agreement in respect to lands cannot be avoided in equity because it is not in writing, where there has been a part performance of it, and where it would be unconscionable, inequitable and unfair to permit the other party to invoke the statute. *Freeman* v. *Freeman*, 43 N. Y. 34; *Smith* v. *Smith*, 125 id. 224; *Sprague* v. *Cochran*, 144 id. 104, 112, 113; Pom. Spec. Per. § 30. In other words, an agreement may be so far performed that it would be unconscionable for equity to regard the Statute of Frauds as a defense. In the case under consideration the tenants may avail themselves of any and all equitable defenses, and therefore the foregoing considerations apply.

It has been held from time immemorial that the Statute of Frauds will not be allowed to be used as an instrument of fraud. A court of equity has always been ready to enforce a parol agreement where a party shows he has relied upon the agreement and has done or omitted to do acts in such reliance, or that it has been partially performed. Under any of these circumstances it will not allow a party thereto to evade his obligations simply because the agreement is not in the form required by the statute. *Roedmann* v. *Hertel*, 78 Misc. Rep. 55; *Wendell* v. *Stone*, 39 Hun, 382; *Kincaid* v. *Kincaid*, 85 id. 141; *Roskam-Scott Co.* v. *Thomas*, 175 App. Div. 84; *Wood* v. *Rabc*, 96 N. Y. 414; *Canda* v. *Totten*, 157 id. 281.

In *Wood* v. *Rabe, supra,* the Court of Appeals said: " There are two principles upon which a court of equity acts in exercising its remedial jurisdiction, * * *. One is that it will not permit the statute of frauds to be used as an instrument of fraud.''

So, in the case of *Canda* v. *Totten, supra,* Chief Judge Parker, writing the opinion, said: " The last section of the title of the Revised Statutes, relating to fraudulent conveyances and contracts relating to land, provides: ' Nothing in this title contained shall be construed to abridge the powers of the courts of equity to compel the specific performance of agreements in cases of part performance of such agreements ' (2 R. S. [1st ed.] p. 135, sec. 10). Thus the legislature declared its intention not to interfere with that well-recognized head of equity which decrees specific performance of a contract within the provisions of the Statute of Frauds, when the parol agreement has been partly carried into execution. And the ground upon which courts of equity have been accustomed to grant relief by way of specific performance to parties to an oral agreement, who have performed in part, *is that otherwise one party would be enabled to practice a fraud upon the other, and thus it would sometimes happen that a statute intended to prevent frauds would operate to secure to one party the fruits of fraud* (2 Story's Eq. sec. 759; Fonblanque's Eq. book one, chap. 3, sec. 8, page 181; Brown on Statute of Frauds, sec. 438; *Ryan* v. *Dox,* 34 N. Y. 307, and cases cited). In *Ryan's* case it was decided that one who by agreement purchases land at a foreclosure sale, for the benefit of the owner of the equity of redemption, at a price greatly below the value, cannot set up the Statute of Frauds against the party for whom he purchased, for the law will hold him to be a trustee *ex maleficio.* But the ground of equity that was invoked was that

equity will not permit the Statute of Frauds to be made an instrument of fraud.''

The other cases cited also recognize the rule enunciated in the quotation. See, too, *Jones* v. *Vail*, N. Y. L. J. Nov. 6, 1919, per Delehanty, J.

Counsel for the tenants also urges that under section 242 of the Real Property Law of the state the oral lease for two years operated as a lease from year to year. Citing *Reeder* v. *Sayre*, 70 N. Y. 180; *Lounsbery* v. *Snyder*, 31 id. 514, and several other authorities. But it is not necessary, in the light of the foregoing expression of opinion, to consider this question.

My conclusion is that both the law and the equity of this proceeding are clearly with the tenants. It follows that the petition herein must be dismissed, with costs to the tenants.

Petition dismissed, with costs.