(78 Misc. Rep. 55.)

### ROEDMANN v. HERTEL.

(Supreme Court, Appellate Term, Second Department. October 25, 1912.)

1. VENDOR AND PURCHASER (§ 210*)—RIGHTS OF VENDEE—RECITAL OF LEASE.
    Where a deed recited a five-year lease, and the tenant was in possession, the purchaser took title subject to all equities, and could not thereafter claim that the lease was void, because not signed by the party to be bound thereby.
    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 428–431; Dec. Dig. § 210.*]

2. SPECIFIC PERFORMANCE (§ 25*)—CONTRACTS ENFORCEABLE—LEASE — PART PERFORMANCE.
    While Real Property Law (Consol. Laws 1909, c. 50) §§ 242, 259, require leases and contracts for lease to be in writing and signed by the party to be charged, section 270 reserves to equity the power to require specific performance of agreements in cases of part performance; and where a tenant, who received a formal lease unsigned, thereafter paid a deposit and received a receipt reciting a five-year lease, entered into possession, and made permanent improvements, equity would compel specific performance by requiring the execution of a lease.
    [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 56–58, 60; Dec. Dig. § 25.*]

3. COURTS (§ 189*)—MUNICIPAL COURTS—DEFENSES TO SUMMARY PROCEEDINGS.
    Under Municipal Court Act (Laws 1902, c. 580) § 2, a tenant against whom summary proceedings were commenced in the Municipal Court could interpose an equitable defense.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Queens, Third District.

Summary proceeding by Sophie R. C. Roedmann against Philip Hertel. From a judgment of the Municipal Court dismissing the proceeding, the landlord appeals. Affirmed.

Argued October term, 1912, before CRANE, ASPINALL, and PUTNAM, JJ.

Jacob H. Denenholz, of Jamaica, for appellant.
Benjamin Kohn, of Rockaway Beach, for respondent.

CRANE, J. This is a summary proceeding, which was dismissed in the Municipal Court, and the landlord appeals.

[1] The defendant claims to have a lease for five years, or until 1915. A formal lease was prepared by the former owners and given to him unsigned. The next day he paid a deposit and received a receipt reciting a five-year lease. The plaintiff purchased the property and received a deed reciting a five-year lease to the defendant, but now claims there can be no such lease, as it is not in writing, signed by the party to be bound thereby. The plaintiff took title subject to all equities, as the tenant was in possession and the deed recited the supposed lease.

[2] That a court of equity would afford the defendant relief, and compel specific performance by requiring the plaintiff or his grantors to execute a lease, is quite certain. The defendant entered into possession and spent considerable money in permanent improvements. While sections 242 and 259 of the Real Property Law (Consol. Laws, c. 50) require leases and contracts for leases to be in writing, section 270 preserves to equity the power to require specific performance of agreements in case of part performance.

[3] Municipal Courts have no equity jurisdiction, except in this one instance—equitable defenses to dispossess proceedings. Section 2 of the Municipal Court Act (Laws 1902, c. 580) permits a defendant to set up an equitable defense to summary proceedings. Rodgers v. Earle, 5 Misc. Rep. 164, 24 N. Y. Supp. 913.

The judgment of dismissal is affirmed.

ASPINALL and PUTNAM, JJ., concur.