CENTRAL SAVINGS BANK IN THE CITY OF NEW YORK, Appellant, *v.* AMTED REALTY CO. INC., Respondent, et al., Defendants.

First Department, November 15, 1948.

*Henry A. Stickney* of counsel (*John H. Willenbrok* and *C. Thomas Godfrey* with him on the brief; *Curtis, Mallet-Prevost, Colt & Mosle,* attorneys), for appellant.

*Montrose H. Massler* of counsel (*Gins and Massler,* attorneys), for respondent.

COHN, J. On January 12, 1945, plaintiff and defendant-respondent entered into a written agreement extending to November 1, 1947, the time for payment of an indebtedness to plaintiff secured by a mortgage on certain real property owned by said defendant. Upon the due date, the mortgage debt was not paid. Defaults also existed in the payment of interest, taxes and water charges. Plaintiff thereupon commenced this action for foreclosure.

In its answer, as an affirmative defense and by way of counterclaim, defendant pleaded that " * * * on or about the

12th day of January, 1948 [presumably " 1945 " was the year intended to be pleaded], plaintiff  *   *   *  falsely and fraudulently stated and represented to the defendant  *   *   *  that if defendant  *   *   *  would agree with the plaintiff herein to enter into an extension agreement, the terms of which are set forth in paragraph ' Sixth ' of the complaint, the plaintiff would at the time for payment thereof, on November 1, 1947, further extend the mortgage at a reduced interest and amortization rate which would be of material benefit to the defendant.''

After issue was thus joined plaintiff moved to strike out the defense and counterclaim for insufficiency under subdivisions 5 and 6 of rule 109 of the Rules of Civil Practice and for summary judgment under rule 113 of the Rules of Civil Practice. From the order of the Special Term denying the motion, this appeal is taken.

The question presented is whether defendant-respondent may, by parol evidence, prove the allegation contained in its answer and counterclaim that it was induced to enter into the extension agreement by the fraudulent representation of plaintiff that at the time fixed by the agreement for payment of the mortgage, November 1, 1947, it would be granted a further extension to a more distant date and on more advantageous terms.

The law is well settled that fraud cannot be predicated on promissory statements (*Green* v. *Krongold,* 232 App. Div. 840; *Sawyer* v. *Prickett,* 19 Wall [U. S.] 146). Fraud must relate to a material fact not promissory in its nature (*Adams* v. *Gillig,* 199 N. Y. 314; *Adams* v. *Clark,* 239 N. Y. 403; *Crossways Apartments Corp.* v. *Amante,* 213 App. Div. 430, 437). Mere promissory statements as to what will be done in the future are not actionable (*Adams* v. *Clark, supra,* p. 410; *People* v. *Miller,* 169 N. Y. 339, 351). The apposite rule is well stated in *Adams* v. *Gillig* (*supra,* p. 318) in the following language:

" It may be assumed that promises of future action that are a part of the contract between the parties, to be binding upon them, must be stated in the contract. An oral restrictive covenant, or any oral promise to do or refrain from doing something affecting the property about which a written contract is made and executed between the parties, will. not be enforced, not because the parties should not fulfill their promises and their legal and moral obligations, but because the covenants and agreements being promissory and contractual in their nature and a part of, or collateral to a principal contract, the entire

agreement between the parties must be deemed to have been merged in the writing. The value of a writing would be very seriously impaired if the rule mentioned in regard to including the entire agreement in such writing is not enforced."

Faced with its formal and unconditional written agreement to pay the mortgage indebtedness in full on November 1, 1947, defendant now claims a fraudulent oral representation, simultaneously made, that it would not be required to pay on that date but *would* then (almost three years later) be granted a further extension. Defendant's description of the statement which is claimed to have induced defendant to execute the written extension agreement demonstrates that it is promissory and contractual in its nature. The contemporaneous promise, on the faith of which it is asserted defendant signed the extension agreement, cannot be given in evidence to contradict such agreement (*Wilson* v. *Deen,* 74 N. Y. 531; *Mitchill* v. *Lath,* 247 N. Y. 377).

The terms of the extension agreement are by reference set forth in the defense and counterclaim. As the alleged false promise may not be proved for it clearly contradicts the terms of the written extension agreement and is unenforcible, the defense and counterclaim pleaded in defendant's answer are insufficient on their face and should have been stricken.

As there appears to be no dispute that the balance of the principal indebtedness due on November 1, 1947, with interest accrued thereon remains unpaid, plaintiff is entitled to summary judgment.

The order should be reversed and plaintiff's motion to strike out for insufficiency the answer and counterclaim of defendant and for summary judgment should be granted.

Peck, P. J., Callahan, Van Voorhis and Shientag, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted. Settle order on notice.