LOUIS SABO, Appellant, *v.* HERMAN B. DELMAN et al., Respondents.

First Department, June 21, 1955.

*Armand Gilinsky* of counsel (*Caroline K. Simon* and *Robert Pesner* with him on the brief; *Gilinsky, Schur & Mishkin,* attorneys), for appellant.

*David W. Kahn* of counsel (*Benjamin Seligman* and *William M. Kahn* with him on the brief; *Seligman & Seligman,* attorneys), for respondents.

PECK, P. J. The question presented on this appeal is the sufficiency of the complaint. Although the three defendants occupy slightly different positions, they may, for the purpose of testing the complaint, be treated alike and referred to as the " defendant ".

Plaintiff is an employee of defendant in the business of manufacturing ladies shoes. He claims to have invented a machine of use and value in shoe manufacturing. The complaint sets forth two agreements between the parties by which they undertook the exploitation of plaintiff's invention. The first agree-

ment, dated March 19, 1942, recites the assignment of applications for patents to defendant and contains the mutual undertaking of the parties to employ their best efforts to sell, manufacture, or lease the machine, plaintiff to receive 25% of the proceeds and defendant 75%. The agreement contains a reference to past expenditures by defendant in development of the machine and the possible requirement for further expenditures by defendant. There was no commitment, however, for any investment or expenditure on defendant's part, but it was agreed that any such expenditures were not to be charged in any part to plaintiff's interest in the proceeds. Defendant was given the right of using the machine without charge in its business. The agreement contained a provision that "No verbal understanding or conditions, not herein specified, shall be binding on either party."

The second agreement, dated September 18, 1946, purports both to be a "modification" of and to "supersede" the prior contract. It provides for the organization of a corporation to take over the patents — the stock in the corporation to be held 75% by defendant and 25% by plaintiff. The second agreement is similar to the first in respect to the expenditure of funds for development and the use of the machine by defendant, and contains a provision that "No verbal understanding or conditions, not herein specified, shall be binding on either party." There is no provision, however, referring to the undertaking of either party to use its best efforts to market the machine.

The complaint, filed eight years later, is grounded in fraud and seeks a reassignment of the patents, an injunction against defendant's use of the machine and an accounting. The claim is that defendant, while using the machine itself, has done nothing to exploit it commercially; that plaintiff was induced to turn the invention over to defendant upon the representations that it would finance the manufacture of the machine and use its best efforts to promote the sale or lease of the machine to other manufacturers; that said representations were false and fraudulently and deceitfully made to defraud plaintiff.

Special Term dismissed the complaint, finding that the alleged fraudulent statements were promissory in nature and therefore not the basis for an action based on fraud. We agree with that holding and find the complaint insufficient on other grounds. The attached agreements purport to state fully and completely the undertakings of the parties and specifically provide that

there are no other verbal understandings or conditions. Plaintiff may not, therefore, assert alleged undertakings and representations by defendant not incorporated in the agreements. Furthermore, it is apparent that plaintiff is claiming nothing more, although adding a fraud touch, than that defendant did not employ its best efforts to exploit the invention, as it agreed to do in the first agreement.

While the complaint cannot stand, as pleaded, we will allow plaintiff to amend, if he is so advised, to prosecute an action on other possible grounds. The complaint, although sounding in fraud, would seem to suggest a breach of contract on defendant's part in not employing its best efforts to promote the commercial sale of the machine. There is also the possibility that if either agreement is not sufficiently explicit or implicit in undertakings on the part of defendant, it might be attacked as *nudum pactum*. We need not consider at this juncture the application to such possible causes of action of the Statute of Limitations, which seems to have been prominent in plaintiff's mind in drafting the present complaint.

The judgment appealed from should be reversed, and the order upon which it was entered modified so as to provide that the dismissal is with leave to replead in accordance with this opinion. Settle order.

RABIN, J. (dissenting in part). Plaintiff appeals from judgment entered on order granting judgment dismissing the complaint. The action is to rescind an assignment by plaintiff to defendants of patents and patent applications on a cutting device and machine, designed by plaintiff for use in the manufacture of ladies' shoes. The alleged ground for rescission is fraud on the part of the defendant, Herman B. Delman, in inducing plaintiff to make the assignments.

Plaintiff was a foreman in the employ of defendant, who is engaged in the manufacture and sale of women's footwear. His complaint alleges three agreements to assign his patents to defendants. The first in 1940 was oral; the second in 1942 and the third in 1946 were in writing. He alleges that all of the agreements and the representations inducing them were part of a continuing plan by defendant Herman B. Delman to defraud him.

With respect to each of the assignment agreements, the complaint contains an allegation that prior thereto defendant Herman B. Delman represented that if plaintiff would make the agreement defendant "would undertake to finance the manufacture of the patented machine and cutting device and

would use his best efforts to promote the sale or lease of the machine to other manufacturers.'' The complaint further alleges that the representations were made to induce plaintiff to make the agreement and that plaintiff relied thereon; that they were false and defendant knew them to be false and at the time had no intention whatsoever of carrying them out; that defendant failed to manufacture the machine except in two isolated instances and never made any attempt to promote its sale or lease; that it was defendant's design to prevent any competitor from gaining the advantage of the patented machine invented by plaintiff; that defendant used the machine in its own business thereby greatly reducing its labor costs and that plaintiff received no benefit or gain whatever from the use of the machine.

The learned court below was of the opinion that the complaint alleged merely a cause of action for breach of contract. It held that the representations being promissory in nature and not included in the written contract, were merged therein. Were plaintiffs seeking to *enforce* the promises of defendant, there would be no question as to the applicability of that rule (*Adams* v. *Gillig,* 199 N. Y. 314, 318).

But the complaint here does not indicate any attempt to enforce the promises made by defendant. On the contrary, plaintiff seeks rescission of the contract, and not by reason of a breach of some of its provisions, but rather because he was induced to enter into it by statements of the defendant which according to the pleading were known to be false by the defendant when made. In other words, plaintiff seeks to avoid the contract — not to incorporate the promises into it. That is the distinguishing feature between this case and *Central Sav. Bank* v. *Amted Realty Co.* (274 App. Div. 392) relied upon by Special Term. Defendant there sought to defeat a foreclosure action by enforcing against the plaintiff an alleged oral and fraudulent representation by plaintiff that, if defendant would agree to an extension of the mortgage, plaintiff would on the due date further extend the mortgage at a reduced rate of interest and amortization. The defense and counterclaim were held bad on the ground that the alleged fraud could not be predicated on promissory statements — that is, the court refused to compel the plaintiff to abide by an oral promise to make a new extension agreement. In the present case, however, plaintiff does not seek to enforce the promises of plaintiff. On the contrary, he repudiates the agreement and asks that it be rescinded because it was induced by defendant's fraud.

The distinction between enforcing and avoiding a contract is clearly stated in *Adams* v. *Gillig* (*supra,* p. 318): "An oral restrictive covenant, or any oral promise to do or refrain from doing something affecting the property about which a written contract is made and executed between the parties, will not be enforced". And this rightly is on the theory that such promises are merged in the written contract. But such oral misrepresentations may be used to avoid the contract (p. 319): "Any statement of an existing fact material to the person to whom it is made that is false and known by the person making it to be false and which is made to induce the execution of a contract, and which does induce the contract, constitutes a fraud that will sustain an action to avoid the contract if the person making it is injured thereby."

Testing the present complaint by these criteria, it would appear to be sufficient as a pleading. If defendant Herman B. Delman, at the time he made the alleged statements, had no intention of manufacturing and marketing plaintiff's invention, then clearly it was a false representation as to a material fact (*Adams* v. *Clark,* 239 N. Y. 403; *Adams* v. *Gillig, supra*). According to the pleading, defendant's representations were certainly material to the plaintiff for he alleges that had it not been for those statements he would not have assigned his patents.

As indicated, the 1940 agreement was oral but the written contracts of 1942 and 1946 each contained a provision that "No verbal understanding or conditions, not herein specified, shall be binding on either party." It is urged that plaintiff is thus precluded from introducing any proof not contained in the writing. The cases unquestionably hold that where, as here, the alleged oral promises are closely related to the subject dealt with in the written agreement, the parol evidence rule bars the reception of any evidence with respect thereto (*Fogelson* v. *Rackfay Constr. Co.,* 300 N. Y. 334; *Mitchill* v. *Lath,* 247 N. Y. 377). But in those cases and in the others cited for the same proposition, it was sought to enforce the oral promises — not to avoid the contract as is the case here — because of fraudulent inducement. We know of no case which has overruled the holding in *Adams* v. *Gillig* (*supra*) that any false statement of an existing material fact inducing the contract constitutes fraud which may avoid the contract.

It should be noted also that we are here passing only upon the sufficiency of a pleading and not the value of the proof. How it was possible for plaintiff to have been deceived by defendant for a period of some fourteen years is not a present concern.

That is a question for the trier of the facts. We think the complaint sufficiently states a cause of action for rescission based upon fraud.

The judgment should be reversed and the motion should be denied.

Cohn and Bastow, JJ., concur with Peck, P. J.; Rabin, J., dissents in part in opinion in which Botein, J., concurs.

Judgment reversed, with costs to the appellant, and the order upon which it was entered is modified so as to provide that the dismissal is with leave to replead in accordance with the opinion herein. Settle order on notice. [See *post*, p. 1002.]