REUBEN ROSENWALD, Doing Business as NOTES SALES Co., Respondent, v. STANLEY F. GOLDFEIN et al., Copartners Doing Business as GOLDFEIN PROPERTIES Co., et al., Appellants.

First Department, February 11, 1957.

*Paul R. Shaw* for appellants.

*Mischa Lazoff* for respondent.

*Per Curiam.* The complaint before us contains two causes of action, the first based upon fraud and the second upon contract. In the first cause of action it is alleged that plaintiff held a chattel mortgage executed by a tenant of premises 33 East 21st Street, borough of Manhattan, and covering the fixtures of a luncheonette business operated by the tenant under a lease from defendants. On October 4, 1954 the tenant being in arrears on rent was dispossessed. At that time the tenant was also in default on the chattel mortgage and plaintiff foreclosed and purchased the fixtures at public auction.

It is then alleged that defendant Shaw, both for himself and the other defendants, fraudulently represented that if plaintiff would pay to defendants Goldfein the sum of $1,112.69 and $100 to defendant Shaw, defendants would permit plaintiff to occupy the store premises until November 30, 1954, for the purpose of

obtaining a buyer of the luncheonette business, in which event defendants would give such purchaser a six-year lease. The sum of $1,112.69 represented rent arrears of $650, an additional sum of $350, plus expenses defendants had incurred in the dispossess proceeding.

Plaintiff alleges that it relied upon defendants' promise, paid the moneys required, entered into possession and subsequently obtained a purchaser of the luncheonette for $12,500; that plaintiff then requested that defendants execute a six-year lease but this was refused. With respect to the representations made by defendants the complaint alleges, " That the aforesaid representations so made by the defendants were false and that in truth and in fact the defendants did not at the time they so represented, intend to deliver or execute the lease as aforesaid."

The second cause of action based upon contract sets forth the same agreement between the parties and then alleges that defendants breached it by failing to execute and deliver the lease as promised.

This appeal involves three orders made at Special Term. The first denied a motion made by all defendants to dismiss the first cause of action under subdivision 4 of rule 106 of the Rules of Civil Practice on the ground of insufficiency. The second denied a motion made by all defendants to dismiss the second cause of action under subdivision 7 of rule 107, on the ground that the contract alleged therein is unenforcible under the Statute of Frauds. The third denied defendant Shaw's motion under rule 106 to dismiss the entire complaint as to him and granted his motion only to the extent of dismissing the second cause of action.

The questions for our consideration are these: 1. Do the allegations of the first cause of action constitute actionable fraud? 2. Is the second cause of action, based upon contract, barred by the Statute of Frauds as against the remaining defendants, that cause of action having been dismissed as against Shaw on the ground that he was acting for disclosed principals?

We think the decision at Special Term holding the first cause of action good was correct. According to plaintiff's allegations, which must be accepted, it parted with a substantial sum of money on defendants' promise to execute a six-year lease to a purchaser should plaintiff be successful in obtaining one. Since the complaint alleges that at the time of the promise defendants had no intention of fulfilling it, there was a false statement as to an existing fact, namely the defendants' intent, thus furnishing a basis for a cause of action in fraud: " We are of the opinion that the false statements made by the defendant of

his intention should, under the circumstances of this case, be deemed to be a statement of a material, existing fact of which the court will lay hold for the purpose of defeating the wrong that would otherwise be consummated thereby.'' (*Adams* v. *Gillig,* 199 N. Y. 314, 322.)

It is urged by appellants, however, that there can be no cause of action for fraud based upon a representation that is purely promissory in nature and our prior decision in *Sabo* v. *Delman* (286 App. Div. 238) is cited as authority therefor. Essential to the holding in the *Sabo* case was the presence of the merger clause in the written agreement. We there said (pp. 240–241): '' The attached agreements purport to state fully and completely the undertakings of the parties and specifically provide that there are no other verbal understandings or conditions.'' (See, also, *Cohen* v. *Cohen,* 1 A D 2d 586.)

If the present complaint indicated the existence of a merger clause, we would be constrained to hold, in view of our decision in *Sabo,* that there is no actionable fraud. On this motion under rule 106, we are confined solely to the complaint and nowhere therein is there any reference to a merger clause. We may not incorporate in the complaint the lease (which appellants urge contains a merger clause), which was submitted in connection with the motion under rule 107. But even if we were to do so, we would be obliged to find that that merger clause was limited to representations concerning the condition of the building.

We decide therefore that the first cause of action must be sustained since it sufficiently pleads a claim of fraudulent inducement. It should be noted that we are here dealing merely with a pleading and not proof. The fear, that holding sufficient a cause of action such as this, might lead to many false oral claims in connection with written contracts, was fully considered in the *Adams* v. *Gillig* case where the Court of Appeals said (pp. 322–323): '' It is said that this decision will open the door to other litigation. If that is the effect of it, then, so far as the decision asserts power in the court to prevent dishonesty, false dealing and bad faith in business transactions, it should be welcomed. * * * The courts will be vigilant to prevent the rescission for fraud of a contract deliberately made unless the fraud is admitted or proven by most satisfactory evidence.''

In the present case plaintiff has demanded as damages the sum of $12,500 — the amount claimed to have been offered by the prospective purchaser. This might make it appear that plaintiff is seeking to enforce the contract. As was indicated in the *Adams* v. *Gillig* case (p. 319) a party may not in a suit for fraud have the contract enforced. The most that he is entitled

to recover are the damages resulting from the fraudulent inducement. In this case plaintiff certainly would not be entitled to recover the profit he would have made had defendant fulfilled its promise. However, the fact that plaintiff may have proceeded under a mistaken view as to the proper measure of damages is not a fatal defect.

As to the second cause of action we think it was error not to have dismissed. The agreement to give a lease for six years, not being in writing would ordinarily not survive the defense of the Statute of Frauds.

It is urged however that payment of the required cash, execution of a 30-day lease, entry into possession and obtaining a purchaser, constitute sufficient part performance so as to avoid the effect of the Statute of Frauds. We do not think so. The test as to what constitutes part performance is clearly stated by Judge Cardozo in *Sleeth* v. *Sampson* (237 N. Y. 69, 73) : " The question remains whether there have been acts of part performance sufficient to relieve from the production of a writing. To be thus effective, they must be of such a nature as to be ' unintelligible or at least extraordinary ' unless related to a contract to convey an interest in land (*Burns* v. *McCormick*, 233 N. Y. 230, 232). The payment of money is not enough, unless followed by other acts, as, for example, possession or improvements (*Russell* v. *Briggs*, 165 N. Y. 500, 505; Williston, Contracts, § 494) " and in *Burns* v. *McCormick* (233 N. Y. 230, 232) : " Not every act of part performance will move a court of equity, though legal remedies are inadequate, to enforce an oral agreement affecting rights in land. There must be performance ' unequivocally referable ' to the agreement, performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership, assured, if not existing."

We think that the facts alleged do not meet these tests. Of course, payment of the requested moneys alone would not have been sufficient to constitute part performance. Nor would the added fact of possession in the circumstances of this case be sufficient, for such possession could not be said to be " unequivocally referable " to the promise of a six-year lease. Indeed it appears that possession was taken under the 30-day lease. We reach the conclusion, therefore, that the Statute of Frauds is a bar to the second cause of action and that it must be dismissed.

Accordingly, these appeals are disposed of as follows: The order denying defendants' motion to dismiss the first cause of action should be affirmed. The order denying defendants' motion to dismiss the second cause of action should be reversed and

motion granted. The order insofar as appealed from denying the motion of defendant Shaw to dismiss the complaint should be affirmed, without costs.

PECK, P. J., BREITEL, BOTEIN, RABIN and VALENTE, JJ., concur.

Order denying defendants' motion to dismiss the first cause of action as insufficient in law against all defendants, unanimously affirmed. Order denying defendants' motion to dismiss the second cause of action as against all defendants as unenforcible under the Statute of Frauds, unanimously reversed and the motion granted, and judgment is directed to be entered in favor of the defendants dismissing the second cause of action contained in the complaint. Order denying the motion of the defendant Paul R. Shaw to dismiss the first cause of action against said defendant as insufficient in law, unanimously affirmed.