OPINION OF THE COURT
Burton S. Sherman, J.
In this holdover summary proceeding involving a commercial premises, the landlord alleged that a five-year lease expired on May 31, 1975 and the tenant has remained on as a month-to-month tenant ever since. A 30-day notice to termi *227 nate was served in January, 1978, and the instant proceeding started.
The tenant asserted as a defense that a new five-year lease was entered into after the expiration of the previous one. To support this the tenant introduced an unsigned lease. There is no question that a valid lease would defeat this proceeding. However, it is the landlord’s position that this unsigned lease is void under the Statute of Frauds and the tenant has only remained on the premises for the past two and one-half years as a month-to-month tenant. Accordingly, the question to be determined is whether this unsigned five-year lease is void under the Statute of Frauds, and if not, whether it is binding on the parties and therefore, a complete defense to this holdover proceeding.
The facts are that the prior five-year lease which expired on May 31, 1975 provided for payments of $400 a month. There was no provision for rent escalation. The current unsigned five-year lease required payments of $500 a month beginning June 1, 1975 for two years, $600 a month for the next two years, and $700 a month for the final year. A rider to this lease provided an escalation formula for the charging of additional rent for cost of living and real estate tax increases. Although the lease is unsigned, the landlord’s initials appear in the margin of the rider. The tenant was billed every month beginning June 1, 1975, in accordance with the terms of the unsigned lease. Included in the billing were additional rent charges for cost of living and real estate taxes. It is conceded that this was based upon the formula found in the rider to the unsigned lease. The tenant paid the base rent as provided. It did not pay the escalation charges because it had a setoff against the landlord for electrical appliances purchased on credit when the landlord’s principal visited the respondent’s store. It was understood that the parties would settle their accounts at the end or during the term of the unsigned lease. However, the escalation charges were continually billed to the tenant as arrears when not paid. The tenant’s principal remembers receiving copies of the lease, but does not remember if he returned a signed copy to the landlord. In any event, no lease executed by the landlord was introduced. A prospective new tenant has been offered the premises at a higher rental than provided in the unsigned lease.
Our Statute of Frauds states that a lease for a longer period than one year must be in writing and subscribed by the party *228 to be charged. (General Obligations Law, § 5-703, subd 2.) However, subdivision 4 of section 5-703 states that: "Nothing contained in this section abridges the powers of courts of equity to compel the specific performance of agreements in cases of part performance.” Equity has, therefore, directed specific performance of unsigned leases where there, has been part performance and ratification by the party to be charged (Trepel v Sendrovitz, 119 NYS2d 374; and cases cited therein). While the Civil Court has no power to grant specific performance (Kwoczka v Dry Dock Sav. Bank, 52 Misc 2d 67; Bankers Security Life Ins. Soc. v Hayden, 84 Misc 2d 593), it may entertain equitable defenses. And in Roedmann v Hertel (78 Misc 55) the Appellate Term affirmed a dismissal of a summary holdover proceeding where the tenant had raised an equitable defense of an unsigned five-year lease and the making of improvements. In so doing the court held it would sustain such an equitable defense since specific performance would have been granted except for the lack of jurisdiction of the Municipal Court. Sixty years later the Civil Court which is the progeny of the Municipal Court still does not have the requisite equitable jurisdiction. The holding in Roedmann v Hertel (supra) is still applicable. Accordingly, the issue is whether there was part performance of the lease in question to take it out of the Statute of Frauds.
Such performance is strictly applied. It must be substantial and prevent the perpetration of a fraud which the very statute was designed to cure. (Hummel v Cruikshank, 280 App Div 47, 49.) "Generally if they are acts which might have been done with other views, they will not take the case out of the statute, since they cannot properly be said to be done by way of part performance of the agreement. The acts should be so clear and definite in their object and design as to refer exclusively to a complete and perfect agreement, of which they are a part execution.” (Wheeler v Reynolds, 66 NY 227, 231; Gracie Sq. Realty Corp. v Choice Realty Corp., 305 NY 271; Burns v McCormick, 233 NY 230.) Thus the mere payment of rent is insufficient to take an unsigned lease for longer than one year out of the statute. For such payments could equally be applicable to a month-to-month tenancy as to a long-term lease. (Rosenwald v Goldfein 3 AD2d 206; Berlin v Himmelstein, 71 NYS2d 626.) However, in the case before me, the cumulative performance of the parties including the payment of rent is exclusively referrable to the. unsigned lease. *229 The rent as provided was billed monthly to the tenant. Admittedly, this action alone could have been equally applicable to month-to-month tenancy as to the lease in issue if it were only for base rent. However, the billing for additional rent based upon a complicated escalation clause found in the rider could only have been referrable to the unsigned lease. Not without significance is the initialing of the rider by the landlord. Under some circumstances a signature by initials has been held to create a valid contract. (Palmer v Stephens, 1 Denio 471; Day v Dow, 46 App Div 148.) While in this case, the initialing by the landlord in the margin of the rider, in and of itself, is insufficient to take the agreement out of the Statute of Frauds, it must be considered as another factor of part performance. Moreover, it is a complete agreement and all terms and details are carefully stated. The tenant has been permitted to remain at the premises for over two and a half years of the five-year term. Finally, the extending of credit for merchandise to the landlord’s principal was clearly a result of the long-term landlord-tenant relationships. It is, therefore, concluded that there was sufficient part performance and ratification exclusively referrable to the unsigned lease in issue to take it out of the Statute of Frauds. The defense has been proven as a matter of law and fact and the petition dismissed with costs.