OPINION OF THE COURT
Edward H. Lehner, J.
Defendant moves pursuant to CPLR 3211 (subd [a], pars 5, 7) to dismiss the complaint on the grounds that the agreement alleged in the complaint, to share the apartment involved in this suit and the benefits derived therefrom, is unenforceable and the relief requested is violative of public policy.
FACTS
Plaintiff and defendant are former lovers who once shared the thought they would one day marry. On or about May 1, 1974, the parties located and moved into an apartment at 235 East 87th Street in Manhattan. The lease was executed in the name of the defendant. Both agreed that, in light of their respective salaries (defendant’s being twice that of plaintiff), the rent would be paid two thirds by the defendant and one third by the plaintiff. In addition, defendant paid for all the furnishings in the apartment.
The parties continued to live together until 1980. However, in the spring of 1979, their relationship deteriorated, and the parties ceased sleeping in the same room, agreed to *995 separate, and undertook a search to find plaintiff another apartment.
In August or September of 1980, an apartment still not having been found, plaintiff went to England for four months to visit her family. Upon her return, she was denied access to the apartment and she resided elsewhere.
On February 13, 1981, the tenants of 235 East 87th Street received a “red herring” indicating the landlord’s intent to convert the building to co-operative status through a noneviction plan.
On May 19,1981, plaintiff commenced the present action seeking (1) one third of the difference between tenant’s “insiders” purchase price of the apartment and its fair market value; (2) $25,000 in damages to compensate her for the increased rent she is now required to pay as a result of the eviction by defendant; and (3) a judgment directing defendant to vacate the apartment and turn over the existing lease to the plaintiff.
defendant’s contention
Defendant claims that, in the absence of any document or memoranda evidencing the alleged agreement, plaintiff’s relief is barred by the Statute of Frauds. Defendant argues that, without a written agreement, plaintiff cannot maintain a suit for an interest in real property for a period exceeding one year.
plaintiff’s claim
Plaintiff contends that the Statute of Frauds is inapplicable here because an agreement to form a partnership or joint venture is not required to be in writing. Secondly, plaintiff alleges that defendant’s perpetration of a fraud estops him from asserting the statute. Lastly, plaintiff offers the rent checks as sufficient evidence of a writing so as to remove the statute as a bar.
ANALYSIS
The issue which is before this court is simply whether plaintiff has an interest in the apartment. If she does, then she is entitled to relief. Plaintiff’s attorney narrows the issues by stating that this “is not a case based upon palimony or promise to marry; it is a case based upon a real *996 estate partnership which had specific payments of rent and specific sharing of the benefits of that rent.” Plaintiff does not seek a share of defendant’s property acquired during their relationship, but only a proportionate interest in the apartment as a result of her one-third contribution toward the rent.
Section 61 (subd 4, par [a], cl [v]) of the Code of the Real Estate Industry Stabilization Association of New York, Inc!, adopted pursuant to the Rent Stabilization Law (Administrative Code of City of New York, tit YY) requires the approval of the tenant of record before permitting a subtenant to purchase the apartment upon a conversion to a co-operative. Since plaintiff is not presently a signatory to the lease, nor has she ever signed any of the prior leases for said apartment, she must thus establish rights above and beyond that of a subtenant in order that she may have any right to purchase the apartment (which defendant’s attorney alleges that defendant does not intend to do). (See Swenson v Resseguie, NYLJ, Feb. 20, 1981, p 6, col 1.)
“A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void unless the contract” is in writing. (General Obligations Law, §5-703, subd 2.) The only writings offered by the plaintiff to support her claim are the rent checks given to the defendant each month. It is well settled that rent checks alone are insufficient to remove an oral agreement from the Statute of Frauds. (Rosen v 250 West 50th St. Corp., 296 NY 567; Rosenwald v Goldfien, 3 AD2d 206; Carlyle Record Warehouses Corp. v Scherlo, 94 Misc 2d 226.)
Plaintiff’s attempt to eliminate the bar of the Statute of Frauds by claiming that the parties had formed a partnership or embarked on a joint venture must be rejected. While it may be true that if the parties had engaged in either a partnership or joint venture a writing may not have been required, this is not the case herein. The essence of a partnership or joint venture is an association to carry on a business for profit. (Partnership Law, § 10; 32 NY Jur, Joint Adventures, § 1; Hanlon v Melfi, 102 Misc 2d 170.)
This is a classic case of two people who fall in love and decide to live together. Surely, the apartment in which *997 they resided was not thought of as a business investment. This court is well aware of the housing situation in Manhattan, but it is far reaching to presume that these two parties rented an apartment in 1974 and lived together in order to derive profits from a conversion that conceivably would occur in the future. People live together for many reasons, including the fact that “two can live cheaper than one.” Plaintiff here acknowledges in her opposition papers that the apartment only constituted “a roof over [their] heads.” The court finds the allegation that the plaintiff’s rights to the apartment are in the nature of her interest in a partnership, with the consequence that a writing is unnecessary, is insufficient as a matter of law.
Plaintiff also contends that the defendant’s perpetration of a fraud precludes his asserting the Statute of Frauds. In Schaps v Roberman (140 NYS2d 308, 310) it was stated: “To preclude the assertion of the defense of the Statute of Frauds by establishment of facts sufficient to invoke the doctrine of equitable estoppel, it must be shown that representations were made by the party sought to be estopped of a nature calculated to mislead or defraud the party seeking availment of the doctrine.” Plaintiff alleges that defendant’s promises of marriage deceived her into thinking it unnecessary to add her name to the lease. However, plaintiff’s attorney carefully points out this is not a case based upon a promise to marry. These two statements seem incompatible. In any event, it has not been alleged that the defendant lacked an intention of marrying the plaintiff. To the contrary, plaintiff admits that both of them shared thoughts of marriage. It was only after their relationship deteriorated that such thoughts were discontinued. Given the vagaries of love itself, it would be unduly harsh for this court to now accuse a man of fraud when he has lived with his lover for six years. Therefore, based upon plaintiff’s own admissions, it is evident that defendant never intended to perpetrate a fraud.
CONCLUSION
Plaintiff has attempted by various arguments to circumvent the Statute of Frauds. Unfortunately, plaintiff is in the unenviable position of having failed to add her name to *998 the lease. Without written evidence, plaintiff’s claim is barred.
Accordingly, defendant’s motion to dismiss is granted.