■ TUTTLE, PENDELTON & GELSTON, INC., Respondent, v DRONART REALTY CORP. et al., Appellants. — In an action by a tenant to declare its rights under an alleged lease agreement, the defendants appeal from an order of the Supreme Court, Kings County (Berkowitz, J.), dated May 28, 1982, which, *inter alia,* denied their motion for summary judgment. Order affirmed, with $50 costs and disbursements. The complaint alleges that in early May, 1978 the plaintiff, an insurance broker and agency, and defendant, Dronart Realty Corp., the owner of premises designated as 164-166 Montague Street, Brooklyn, entered into negotiations, through their attorneys, for the preparation of a lease agreement. In accordance with these negotiations, on May 9, 1978, a written lease was prepared by Dronart's attorneys and delivered to the plaintiff. The lease was executed and signed by the plaintiff and returned to the landlord's attorneys, together with a check for $2,625, representing two months' security plus a check for the first month's rent in the amount of $1,312.50. On May 13, 1978, the plaintiff moved into the premises, allegedly expending over $7,000 for moving expenses, plus an additional approximately $2,000 for improvements and alterations to the premises. Soon thereafter, allegedly pursuant to the agreement, Dronart constructed, at its own expense, an interior wall, 13 feet high and 20 feet long, with a doorway, in order to separate the plaintiff's accounting equipment from the rest of the office. After moving in, numerous requests were made by the plaintiff to Dronart for the return of a signed copy of the lease agreement. Despite the repeated assurance by Dronart's attorneys, no such signed lease was ever forthcoming. Subsequently, in September, 1980, Dronart's successors in interest, the individual

defendants herein, notified the plaintiff that the rent was to be increased to double the amount agreed to in the original lease. The plaintiff refused to pay this amount. Accordingly, on June 30, 1981, a notice of termination of tenancy was served on the plaintiff. Subsequently, the plaintiff commenced the instant action to, *inter alia,* declare the lease agreement entered into between it and Dronart to be valid and to declare its rights under said lease. The defendants moved for summary judgment dismissing the complaint, arguing that the lease was void and unenforceable under the Statute of Frauds. Special Term denied the motion, finding that there were triable issues of fact which could best be determined at a plenary trial. We agree. The Statute of Frauds will not be a bar to specific performance of a lease where it has been demonstrated that there has been partial performance of the lease (see General Obligations Law, § 5-703, subd 4). Such performance must be "unequivocally referable" to the agreement (see *Burns v McCormick,* 233 NY 230, 232; see, also, *Gracie Sq. Realty Corp. v Choice Realty Corp.,* 305 NY 271). Although mere payment of money is not enough to constitute part performance (see *Rosenwald v Goldfein,* 3 AD2d 206, 210, mot for lv to app or for rearg den 3 AD2d 744), other acts, such as taking possession or making improvements, when combined with the payment of rent, may be sufficient (see *Club Chain of Manhattan v Christopher & Seventh Gourmet,* 74 AD2d 277). Here, the expenditure by the plaintiff of a substantial amount of money for improvements and alterations is of some significance in determining whether it had entered into an enforceable lease with Dronart. A trial is necessary to ascertain the exact nature and extent of these improvements and alterations. Of perhaps even greater significance is the erection of the partition wall by Dronart. This raises an issue as to whether Dronart did, in fact, acknowledge the existence of the new lease (see *Club Chain of Manhattan v Christopher & Seventh Gourmet, supra;* cf. *Roedmann v Hertel,* 78 Misc 55). Finally, it will be necessary to determine at the trial whether the plaintiff was induced to move into the premises and remain thereon by virtue of Dronart's actions whereby it allegedly led plaintiff to believe that the lease would be signed. If such is found to be the case, the defendants should not be permitted to avoid their obligations by raising the Statute of Frauds as a defense (see *Club Chain of Manhattan v Christopher & Seventh Gourmet, supra,* p 284). Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.