■ JOHN R. MOTT, Respondent, v MARION DEVINE et al., Appellants. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered April 4, 1983 in Albany County upon a decision of the court at Trial Term (Conway, J.), without a jury. ¶ On May 8, 1980, plaintiff orally agreed with defendant Marion Devine and her son to purchase their two contiguous but separately owned parcels of real property for a total price of $25,000. This case concerns only the circumstances surrounding the sale of Devine's parcel. The oral agreement required plaintiff to pay her one half of $25,000 less any outstanding taxes on the property, which it was agreed plaintiff would remit to the proper tax authorities; she in turn was to furnish a current deed. Plaintiff paid the outstanding taxes of $1,202.07 and $691.14 and thereafter issued a check to Devine in the amount of $10,656.79, of which $10,356.79 was deposited in her savings account on May 10, 1980. As a result of a misunderstanding between the parties regarding the validity of the first check, plaintiff, on May 16, 1980, issued two more checks to defendant Devine totaling $10,656.79. These checks were also indorsed by Devine and cashed. Although plaintiff never received a deed to the property, despite being assured by Devine and her son that it would be forthcoming, plaintiff moved a tenant onto the premises and proceeded to make substantial repairs and improvements thereon. ¶ On April 17, 1981, plaintiff prohibited defendant William S. Vojnar from removing a van body, which he claimed to own, from the premises. When an examination of county records disclosed that plaintiff had not yet recorded a deed, Vojnar arranged with Devine, through her son, to purchase the same property promising to pay any overdue taxes and to reimburse plaintiff for money he had already paid to Devine. On April 22, 1981, Devine addressed a letter to plaintiff informing him that he had forfeited his agreement because he had failed to pay taxes on the property, reimburse her for fire insurance, keep up the property and record the new deed. That same day, Vojnar's deed was executed and recorded and he had plaintiff removed from the property.

¶ Trial Term, adopting plaintiff's proposed findings of fact and conclusions of law, awarded plaintiff specific performance of his oral contract with Devine, voided her deed to Vojnar, granted plaintiff $10,656.79, plus interest from May 16, 1980, for the duplicate payment made to Devine, and adjudged plaintiff entitled to recover $300 per month from Vojnar, the stipulated reasonable rental value of the property, plus interest from April 22, 1981 to the date of the court's decision. ¶ We affirm. Initially, we note that the Statute of Frauds (General Obligations Law, § 5-703, subd 1) is no impediment to plaintiff's recovery. His actions, namely payment in full of the contract price, taking possession of the property and substantially improving it, are unequivocally referable to the oral contract and constitute part performance, thus taking the oral agreement out of the Statute of Fraud's reach (*Fiske v Fiske*, 95 AD2d 929, 931, affd 62 NY2d 828; *Tuttle, Pendelton & Gelston v Dronart Realty Corp.,* 90 AD2d 830, 831). The argument that plaintiff abandoned the contract is simply not supported by the evidence; he neither repudiated it nor refused to perform it (*Staebell v Bennie,* 83 AD2d 765). In fact, he promptly paid the back taxes and maintained and improved the property. Although there is no evidence that he even agreed to reimburse Devine for previously paid fire insurance premiums, or the amount thereof, the overpayment by $10,656.79 undoubtedly would have been more than sufficient to fulfill any such promise. Further, not having tendered the deed she had agreed to provide, it ill behooves Devine to fault plaintiff for not having recorded it. ¶ Nor is Vojnar a bona fide purchaser for value entitled to the property for having been first to record the deed (Real Property Law, § 291). Not only was he aware that plaintiff was in actual possession of the property, but he was informed of the oral contract by plaintiff, as well as by the Devines, before he undertook to record the deed. ¶ Additionally, the trial court's award to plaintiff of the $10,656.79 overpayment and the rental, at a rate stipulated to on the record, as fair and reasonable for the time plaintiff was out of possession, plus interest, was amply supported by the record. ¶ Judgment affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.