■ THOMAS FRANCESCONI et al., Appellants, v THOMAS NUTTER et al., Respondents, and ROBERT K. DONNELLY et al., Intervenors-Respondents.—In an action for specific performance of a contract to sell real property, the plaintiffs appeal from an order of the Supreme Court, Orange County (Stolarik, J.), dated April 18, 1985, which, inter alia, granted the intervenors' motion for summary judgment dismissing the plaintiffs' complaint. The appeal brings up for review so much of an order of the same court, dated July 10, 1985, as, upon renewal and reargument, adhered to the original determination (CPLR 5517 [b]).

Ordered that the appeal from the order dated April 18, 1985, is dismissed, as that order was superseded by the order granting renewal and reargument; and it is further,

Ordered that the order dated July 10, 1985, is affirmed insofar as reviewed; and it is further,

Ordered that the intervenors-respondents are awarded one bill of costs payable by the plaintiffs.

The plaintiffs' tender of a deposit and the procuring of a mortgage commitment and a title insurance search do not constitute such "part performance" as to overcome the requirements of the Statute of Frauds (see, General Obligations Law § 5-703). These actions are not "unequivocally referable"

to a contract, but rather can be explained as preliminary steps which contemplate the future formulation of an agreement *(see, Gracie Sq. Realty Corp. v Choice Realty Corp.,* 305 NY 271; *Cooper v Schube,* 86 AD2d 62, *affd* 57 NY2d 1016; *S.S.I. Investors v Korea Tungsten Min. Co.,* 80 AD2d 155, *affd* 55 NY2d 934). Mollen, P. J., Bracken, Brown and Sullivan, JJ., concur.