■ SANYO ELECTRIC, INC., Respondent, v PINROS & GAR CORP., Appellant.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered on or about December 21, 1989, which, *inter alia,* granted plaintiff's cross-motion for summary judgment dismissing defendant's first, second, third and fourth counterclaims, with prejudice, unanimously affirmed, without costs.

After plaintiff commenced this action for goods sold and delivered, defendant interposed four counterclaims alleging fraudulent inducement, breach of contract, promissory estoppel and conspiracy. The gravamen of the counterclaims is that plaintiff fraudulently induced defendant to continue a distributorship arrangement, purchase the goods for which payment was sought, and expand its sales force and warehouse/showroom facilities by misrepresenting that defendant would be plaintiff's primary distributor for the New York and New

Jersey area, replacing all smaller distributors, and that the agreement would remain in effect so long as each party continued business operations. Before the alleged oral distributorship agreement was reduced to writing, plaintiff terminated the relationship.

The court below properly dismissed defendant's second counterclaim for breach of contract, on the ground that it was barred by the statute of frauds requirement that an agreement which, by its terms, is not performable within one year from the making thereof, is unenforceable unless evidenced by a writing. (General Obligations Law § 5-701 [a] [1]; *North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171.) We further find that proof of the alleged distributorship agreement is barred by UCC 2-201, which requires a signed writing with respect to contracts for the sale of goods in excess of $500. *(Swerdloff v Mobil Oil Corp.,* 74 AD2d 258, *lv denied* 50 NY2d 913.)

We also find that summary judgment was properly granted dismissing both the first counterclaim, for fraudulent inducement, and the third counterclaim, alleging promissory estoppel. The submissions of the parties contain absolutely no showing of fraudulent intent on plaintiff's part at the time the promise was allegedly made. Even based on defendant's allegations alone, summary judgment was warranted since fraudulent inducement may not be based upon a statement of future intention, but requires evidence of a present intent to deceive *(Sabo v Delman,* 3 NY2d 155). A cause of action for fraud is legally insufficient if, as here, the only fraud charged relates to a breach of contract. *(Trusthouse Forte [Garden City] Mgt. v Garden City Hotel,* 106 AD2d 271.) As to the counterclaim for promissory estoppel, the uncontradicted facts in the record demonstrate that the alleged promise was not only vague and indefinite but that it was completely contradicted shortly thereafter by written representations from plaintiff unequivocally placing defendant on the same footing as its other distributors and clearly expressing the intent that the agreement was terminable at will. These facts conclusively establish that any reliance by defendant upon the alleged oral promise was unreasonable and unwarranted. Defendant having failed to make even a colorable showing of at least two of the essential elements of a cause of action for promissory estoppel—i.e., a clear and unambiguous promise and reasonable reliance thereon by the party to whom the promise is made—summary dismissal of such cause of action was appro-

priate. *(Ripples of Clearview v Le Havre Assocs.*, 88 AD2d 120, 122, *lv denied* 57 NY2d 609.)

We note that defendant has raised no issue on appeal with respect to the IAS court's dismissal of its fourth counterclaim. Concur—Carro, J. P., Ellerin, Kupferman, Smith and Rubin, JJ.