■ Miriam O. Gier, Appellant, v Shannon W. Bissell, Respondent. (Action No. 1.) Shannon W. Bissell, Respondent, v Miriam O. Gier, Appellant. (Action No. 2.)—Judgment unanimously affirmed with costs. Memorandum: In these two actions, consolidated and tried without a jury, the issue involved the ownership of certain real property, Shady Grove Boat Livery (Shady Grove) located in the Town of Cicero. Shady Grove was purchased in 1964 by Miriam O. Gier and her husband, as tenants by the entirety, with the intention of providing their divorced daughter, Gail, a place to work and a home for her and her children. In 1966, Shannon Bissell assumed operation of the boat livery, and with Gail, whom he thereafter married, took possession of the premises. Bissell has remained in possession of the property since then. He

maintained that he had entered into an oral agreement with the Giers to purchase the property on certain terms, including making the monthly mortgage payments over the life of the mortgage, which was satisfied in 1989. Although conceding that there may have been some agreement with her deceased husband, Gier denied the existence of an agreement with her. The court found that Gier and Bissell had entered into a binding oral agreement for the purchase of Shady Grove by defendant. We affirm.

There is no merit to Gier's contention that enforcement of the oral agreement was precluded by the Statute of Frauds (General Obligations Law § 5-703). Since 1966, Bissell has made extensive and costly improvements and repairs to the property, which has served as both his residence and place of business. Between 1966 and 1989, he gave the Giers a monthly check in the amount of $200, on each of which he noted that it was for the mortgage payment. Except for the last two checks, each was accepted without comment by Gier and her husband, who died in 1986. In 1980, as part of a divorce settlement, Bissell agreed to pay Gail the sum of $40,000 for her half interest in the agreement to purchase the property. Bissell's actions were "unequivocally referable" to the oral agreement and constituted partial performance, taking it out of the Statute of Frauds (*Mott v Devine,* 102 AD2d 946, 947; *see also,* General Obligations Law § 5-703 [4]; *see generally, Wilson v La Van,* 22 NY2d 131, 134).

We further reject Gier's contention that the trial court's finding that she had entered into the oral agreement was against the weight of the evidence. Although Gier testified that her husband had handled all of their business affairs and that she was ignorant of the terms of his agreement with Bissell, both Bissell and Gail testified that Gier had not only participated in the agreement but had also consented to the 1980 settlement between Bissell and Gail. Bissell also testified that he and Gier discussed a modification of the agreement in 1987. Additionally, for over three years after her husband died, Gier accepted Bissell's monthly mortgage payment checks. The weight of the evidence fully supports the trial court's findings.

Bissell contends that the trial court miscalculated the amount that he was required to pay to Gier to complete the purchase agreement. Bissell did not, however, appeal from the court's calculation and that issue, therefore, is not properly before us (*see, Day v Day,* 112 AD2d 972, 973; *Davis v Weg,* 104 AD2d 617, 620; *see also, Hecht v City of New York,* 60

NY2d 57). (Appeal from Judgment of Supreme Court, Onondaga County, Nicholson, J.—RPAPL art 15.) Present—Callahan, J. P., Pine, Lawton, Boehm and Davis, JJ.