■ INTERNATIONAL MERCHANTS, INC., Appellant, v VILLAGE OF OLD FIELD, Respondent. [609 NYS2d 341] —In an action for a judgment declaring that the plaintiffs had complied with all requirements for the maintenance of a cottage on their property, in which the defendant counterclaimed for a judgment compelling the plaintiff to remove all illegal renovations, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Luciano, J.), dated October 2, 1991, which granted the defendant's motion for summary judgment, denied its cross motion for summary judgment, and directed it to remove all illegal renovations and additions, and (2) a judgment of the same court, entered May 6, 1992, thereon.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

We reject the plaintiff's contention that the defendant the Village of Old Field is estopped from refusing to issue the

plaintiff a certificate of occupancy for the cottage on its property. The plaintiff contends that the defendant, in a letter dated March 17, 1987, from the Village Clerk, impliedly promised to issue a certificate of occupancy once specified documents were submitted. We need not reach the question of whether that letter demonstrated an implied promise, because it is well settled that an individual employee's statements or actions will not bind a municipality to a course of conduct in violation of its own ordinances (see, Incorporated Vil. of Freeport v Jefferson Indoor Marina, 162 AD2d 434). Furthermore, government agencies are generally not subject to the defense of estoppel, and this case does not present one of the rarest of cases where estoppel should be invoked (see, Matter of Parkview Assocs. v City of New York, 71 NY2d 274, cert denied 488 US 801). It is undisputed that the additions to the cottage violated numerous village ordinances. Therefore, a certificate of occupancy was properly denied to the plaintiff. Mangano, P. J., Miller, Hart and Florio, JJ., concur.