■ ROBERT TRICK, Appellant, v COUNTY OF WESTCHESTER, Respondent. [628 NYS2d 759] —In an action to recover damages,

*inter alia,* for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rosato, J.), entered February 17, 1994, which granted the defendant's motion to dismiss the complaint and denied the plaintiff's cross motion for partial summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff, by permission of the defendant County of Westchester, operated a golf driving-range concession at Dunwoodie Golf Course for several years. In the early 1990's, the County solicited public bidding for the award of the concession. Eventually, it was awarded to a party other than the plaintiff. The plaintiff then commenced this action, arguing, *inter alia,* that he had an oral agreement with the County for a two-year extension of his concession agreement that was breached by the award of the concession to a third party. We disagree and affirm the order dismissing the complaint.

Even if we assume, arguendo, that an otherwise enforceable oral agreement between the County and the plaintiff existed for the driving-range concession *(but see,* General Obligations Law § 5-701 [a] [1]), by the plaintiff's own testimony, the agreement was expressly conditioned upon the approval of the Westchester County Board of Acquisition and Contract. Here, such approval was never given and, thus, no contract was agreed upon *(see, Morse v Ted Cadillac,* 146 AD2d 756; *Saferstein v Mideast Sys.,* 143 AD2d 82). Further, because the alleged oral agreement was conditional, any reliance thereon by the plaintiff was not reasonable *(see, Sanyo Elec. v Pinros & Gar Corp.,* 174 AD2d 452; *Ripple's of Clearview v Le Havre Assocs.,* 88 AD2d 120). Thus, even if we assume, arguendo, that estoppel was available against the County *(but see, International Merchants v Village of Old Field,* 203 AD2d 247), it would not be applicable here.

We have considered the plaintiff's remaining contention and find it to be without merit *(see, Matter of Citiwide News v New York City Tr. Auth.,* 62 NY2d 464). O'Brien, J. P., Ritter, Copertino and Krausman, JJ., concur.