■ RICHARD J. SARCONA et al., Appellants, v ANDREW DE-GIAIMO et al., Respondents. [641 NYS2d 479] —Appeal from order insofar is it seeks review of denial of certain injunctive relief unanimously dismissed and order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The individual plaintiffs acquired Traffic Warehouse Corp. (TWC) and F & C Transfer Co. from defendant DeGiaimo in 1989. As part of the buy-out agreement, they executed promissory notes whereby they agreed to pay DeGiaimo the sum of $635,000 in 36 equal monthly payments commencing January 1, 1993. Plaintiffs allege that, on December 30, 1992, DeGiaimo orally agreed to modify the agreement and promissory notes, extending the payment period from 36 to 60 months and providing for equal monthly payments of $12,500. The following day, plaintiffs faxed a letter to DeGiaimo reciting the terms of the modified agreement. DeGiaimo did not initial or sign that letter or return a copy of it to plaintiffs, despite their request that he do so. On January 1, 1993, plaintiffs forwarded to DeGiaimo a check drawn on the account of TWC in the sum of $12,500. That check bore the note, "Payment # 1 of 60/Buy-out". On the first day of each succeeding month through October 1, 1993, plaintiffs forwarded a check payable to DeGiaimo for $12,500 drawn on the TWC account. Each check bore a similar note, e.g., "Payment # 2", "Payment # 3", etc. DeGiaimo accepted each check without objection, negotiated the first eight checks in August 1993, and negotiated the September and October 1993 checks shortly after he received them. When the January and February 1993 checks were returned by the bank as "stale", DeGiaimo returned them to plaintiffs; replacement checks were issued, and DeGiaimo negotiated them.

In October 1993 DeGiaimo sent a notice of default to plaintiffs advising them that, if they did not cure the default, the entire unpaid balance would become immediately due and payable in accordance with the promissory notes. Plaintiffs commenced this action seeking a judgment declaring that the modification was valid and enforceable and that they were not in default. They also sought an order enjoining DeGiaimo from accelerating any indebtedness pursuant to the original buy-out

agreement and promissory notes. Plaintiffs appeal from an order denying their motion for a preliminary injunction and granting the cross motion of DeGiaimo for summary judgment on the first cause of action and for partial summary judgment on the counterclaims.

Supreme Court erred in concluding, as a matter of law, that the modification agreement was unenforceable based upon the Statute of Frauds (*see,* General Obligations Law § 15-301 [1]). The requirement that any modification be in writing is excused when there is partial performance "unequivocally referable to the oral modification" (*Rose v Spa Realty Assocs.*, 42 NY2d 338, 343; *see, Brook Shopping Ctrs. v Woolworth Co.*, 215 AD2d 620, 621). The initial check dated January 1, 1993 was drawn in the same amount set forth in the letter stating the terms of the oral modification and the check referred to 60 payments, not the 36 payments required by the original buy-out agreement and promissory notes. Thus, that check could not be construed as a permissible lesser payment under the original buy-out agreement and notes. In addition, the subsequent monthly payments of $12,500 referred sequentially to the initial check, and DeGiaimo accepted and negotiated the checks without objection for 10 months, with knowledge of plaintiffs' position as stated in the letter. At the very least, plaintiffs raised a factual issue whether the payments were unequivocally referable to the oral modification, and thus, constituted partial performance sufficient to excuse the requirement of a writing (*see, Adelman v Rackis*, 212 AD2d 559; *Gier v Bissell*, 188 AD2d 1040; *Spodek v Riskin*, 150 AD2d 358).

Because the principal sum due and owing on the promissory notes and buy-out agreement has been paid, the appeal by plaintiffs from the order insofar as it denied that part of their motion for a preliminary injunction seeking to restrain enforcement of their payment obligations under the promissory notes is moot. We modify the order by denying the cross motion for summary judgment and by granting the remainder of plaintiffs' motion for a preliminary injunction seeking to restrain the enforcement of any post-default remedies provided by the original buy-out agreement and promissory notes. (Appeal from Order of Supreme Court, Nassau County, Kutner, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Callahan, Balio and Davis, JJ.