■ G & F ASSOCIATES Co., Respondent-Appellant, v BROOKHAVEN BEACH HEALTH RELATED FACILITY, Appellant-Respondent. [671 NYS2d 510] —In an action, *inter alia,* to rescind

an agreement extending a lease, the defendant appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Queens County (Posner, J.), dated June 11, 1996, as denied those branches of its motion which were for summary judgment dismissing the first, fourth, and fifth causes of action asserted in the complaint, and (2) an order of the same court, dated July 21, 1997, as denied those branches of its motion which were to dismiss the first, fourth, and fifth causes of action asserted in the amended complaint, and the plaintiff cross-appeals from so much of (1) the order dated June 11, 1996, as granted those branches of the defendant's motion which were for summary judgment dismissing the second, third, and sixth causes of action asserted in the complaint, and (2) the order dated July 21, 1997, as granted those branches of the defendant's motion which were to dismiss the second, third, and sixth causes of action asserted in the amended complaint.

Ordered that the appeals from the order dated June 11, 1996, are dismissed as academic in light of our determination on the appeals from the order dated July 21, 1997; and it is further,

Ordered that the order dated July 21, 1997, is modified, on the law, by deleting therefrom the provisions denying those branches of the defendant's motion which were to dismiss the first, fourth, and fifth causes of action asserted in the amended complaint, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, and the complaint is dismissed in its entirety; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff commenced the instant action, seeking, *inter alia*, the rescission of the seven-year lease extension agreement which was executed by the parties in November 1985. The plaintiff claimed that the extension was conditioned upon an oral agreement that the defendant would sell its nursing home business to David Hollander, who would assume the lease. Hollander had agreed, as part of a joint venture with the plaintiff, to lease vacant land adjacent to the nursing home and also owned by the plaintiff, for development as a day care center. The plaintiff asserted that the defendant failed to consummate the sale of the nursing home business to Hollander, and instead repurchased Hollander's right to acquire the nursing home.

The defendant is entitled to summary judgment dismissing the causes of action for promissory estoppel and fraudulent inducement. By the plaintiff's own admission, it knew that the sale of the nursing home was subject to the approval of Hol-

lander's application to the New York State Department of Health. As the alleged oral promise was conditional, the plaintiff's reliance upon it was not reasonable, and a cause of action for promissory estoppel does not lie (*see, Trick v County of Westchester,* 216 AD2d 555; *Sanyo Elec. v Pinros & Gar Corp.,* 174 AD2d 452; *Ripple's of Clearview v Le Havre Assocs.,* 88 AD2d 120). ·

In addition, it is well settled that an allegation of fraud based upon a statement of future intention must allege facts sufficient to show that at the time the promissory representation was made, the party never intended to honor or act on the statement (*see, Lanzi v Brooks,* 43 NY2d 778; *Karsanow v Kuehlewein,* 232 AD2d 458; *Abelman v Shoratlantic Dev. Co.,* 153 AD2d 821, 822; *Pope v New York Prop. Ins. Underwriting Assn.,* 112 AD2d 985, *affd* 66 NY2d 857; *Lane v McCallion,* 166 AD2d 688, 690). Here the plaintiff failed to demonstrate that at the time that the defendant allegedly stated that it would sell its nursing home business to Hollander, it had no intention of implementing such a sale.

The plaintiff has not stated a cause of action for rescission based upon a failure of a condition precedent to occur. The written lease extension agreement between the parties did not contain or express any condition which had to be met in order for the extension to occur. Assuming the existence of an oral agreement between the parties, such an agreement would constitute a condition subsequent, which cannot be proved by parol evidence (*see, Gottlieb v Cinema Equities,* 30 NY2d 553, 554).

The parties' remaining contentions are without merit. Rosenblatt, J. P., Sullivan, Santucci and Goldstein, JJ., concur.