■ In the Matter of DANIEL J. CELANI et al., Respondents-Appellants, v ANTHONY A. MARCONI, as Commissioner of City of Buffalo Department of Inspections and Community Revitalization, et al., Appellants-Respondents. (Appeal No. 1.) [683 NYS2d 469] —Appeal and cross appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also,* CPLR 5501 [a] [1]). (Appeals from Order of Supreme Court, Erie County, Walawender, J. H. O.—Set Aside Verdict.) Present—Denman, P. J., Hayes, Wisner, Callahan and Boehm, JJ.

■ In the Matter of DANIEL J. CELANI et al., Respondents-Appellants, v ANTHONY A. MARCONI, as Commissioner of City of Buffalo Department of Inspections and Community Revitalization, et al., Appellants-Respondents. (Appeal No. 2.) [682 NYS2d 754] —Judgment unanimously reversed on the law without costs and complaint dismissed. Memorandum: Plaintiffs were owners of a two-family dwelling in the City of Buffalo. While attempting to sell their home in April 1993, plaintiffs were cited by defendants for maintaining an illegal apartment on the third floor. That citation was issued despite the fact that in 1985 it was judicially determined that a previous owner's use of the third floor as an apartment was a prior nonconforming use. Defendants, however, refused to correct their records and issue an updated certificate of occupancy because the premises did not comply with section 242-6 (C) of the Code of the City of Buffalo (Code) with respect to required means of egress.

Plaintiffs were unable to sell the premises, and they commenced a CPLR article 78 proceeding in January 1995 for declaratory and injunctive relief and money damages. In July 1995 judgment was entered directing defendants to correct their records and directing plaintiffs to make the required structural modifications. Supreme Court also converted plaintiffs' money claim to a plenary action for damages. In September 1995 plaintiffs sold the premises at a reduced price. Defendants appeal from a judgment entered in the plenary action awarding plaintiffs damages in the amount of $218,487.

The essence of plaintiffs' claim is that for over two years defendants acted in an arbitrary and capricious manner in the performance of their ministerial duties, wrongfully frustrating

the attempt by plaintiffs to sell their home as a two-family dwelling. It is undisputed, however, that plaintiffs were never in compliance with section 242-6 (C) of the Code. We reject the argument of plaintiffs that they did not have to comply with that provision because it came into existence after construction of their home. "[I]n the exercise of its police power, the state or a municipality * * * may require reasonable changes in buildings previously erected in order for them to comply with new requirements and standards for the protection of health and safety, notwithstanding the fact that such buildings, at the time of erection, complied with regulations then in effect" (12 NY Jur 2d, Buildings, Zoning, and Land Controls, § 3, at 25; *see*, Code of City of Buffalo § 242-1).

Plaintiffs also argue that the 1985 decision is res judicata on the issue whether the premises are in compliance with the Code. Building codes, however, are an exercise of a municipality's general police power to regulate conduct that may endanger public health, safety or welfare. While the 1985 decision may be res judicata on the issue whether the premises are a prior nonconforming use, which is a land use question, it is not res judicata on the issue whether the premises meet building code requirements, which is a question of public safety.

Plaintiffs further argue that they were entitled to a certificate of occupancy when they passed an inspection in December 1993. It is undisputed, however, that the premises remained in violation of section 242-6 (C) of the Code. Upon reinspection, defendants again cited that noncompliance. "[I]t is well settled that an individual employee's statements or actions will not bind a municipality to a course of conduct in violation of its own ordinances" (*International Merchants v Village of Old Field*, 203 AD2d 247, 248; *see, Matter of Parkview Assocs. v City of New York*, 71 NY2d 274, 282, *rearg denied* 71 NY2d 995, *appeal dismissed and cert denied* 488 US 801).

The decision to grant a certificate of occupancy is a discretionary act (*see, Rottkamp v Young*, 21 AD2d 373, 377, *affd* 15 NY2d 831; *Okie v Village of Hamburg*, 196 AD2d 228, 231) dependent upon full compliance with all laws (*see*, Code of City of Buffalo § 511-119). Any delay in the issuance of a certificate of occupancy does not give rise to a claim for damages (*see, City of New York v 17 Vista Assocs.*, 84 NY2d 299, 307). Because plaintiffs were in violation of section 242-6 (C) of the Code, the certificate of occupancy was properly denied (*see, International Merchants v Village of Old Field, supra*, at 248).

We therefore reverse the judgment and dismiss the complaint. (Appeals from Judgment of Supreme Court, Erie

County, Walawender, J. H. O.—Damages.) Present—Denman, P. J., Hayes, Wisner, Callahan and Boehm, JJ.