■■■ BRIAN DATES, Appellant, v KEY BANK NATIONAL ASSOCIATION, Respondent. (Appeal No. 2.) [751 NYS2d 892] —Appeal from a judgment of Supreme Court, Oswego County (Nicholson, J.), entered August 23, 2001, which granted defendant's motion to dismiss the complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to enforce an alleged oral agreement pursuant to which defendant was to convey certain real property to plaintiff. Taking all of the allegations in the complaint as true and resolving all inferences that reasonably flow therefrom in favor of plaintiff (*see Niagara Mohawk Power Corp. v Freed*, 265 AD2d 938, 938), we conclude that Supreme Court properly granted defendant's motion to dismiss the complaint. Enforcement of the alleged oral agreement is barred by the statute of frauds (*see* General Obligations Law § 5-703 [2]). Neither plaintiff's forbearance from bidding on the property nor plaintiff's preparatory steps in obtaining financing to purchase the property were "unequivocally referable" to the alleged oral agreement to constitute part performance thereof and thereby to remove this case from the statute of frauds (*Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 235; *see* § 5-703 [4]; *Bridgeview Dev. Corp. v Hooda Realty*, 145 AD2d 457, 458; *Francesconi v Nutter*, 125 AD2d 363, 364). We further conclude that defendant is not estopped from asserting the statute of frauds. Plaintiff allegedly requested partial financing from defendant when the parties discussed the conveyance of the property to plaintiff, and defendant allegedly "advised plaintiff to submit an offer and defendant would undertake to process it for consideration." Because defendant's alleged statement was conditional, plaintiff could not reasonably rely on that statement as a promise to convey the property. Thus, estoppel does not lie (*see Trick v County of Westchester*, 216 AD2d 555, 556; *see also G & F Assoc. Co. v Brookhaven Beach Health Related Facility*, 249 AD2d 441, 443, *lv denied* 92 NY2d 807). Present—Hayes, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.