■ Carlton Center, LLC, et al., Appellants, v Carlton Nursing Home, Inc., Respondent. [757 NYS2d 568] —In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated January 31, 2002, as granted the defendant's motion pursuant

to CPLR 3211 to dismiss the complaint on the ground that it is barred by the statute of frauds.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined that the subject draft agreement was unenforceable under the statute of frauds (*see* General Obligations Law § 5-703 [2]). Contrary to the plaintiffs' contention, there is nothing in the record to indicate that the defendant, through words or conduct, ratified the draft agreement. The retention of the plaintiffs' down payment for approximately three months in an interest-bearing escrow account is insufficient to constitute an implied ratification (*see Papakostas v Harkins,* 168 AD2d 547 [1990]), or to support the plaintiffs' claim that the defendant should be estopped from reneging on its alleged promises (*see F.B. Tr. Rd. Corp. v DRT Constr. Co.,* 241 AD2d 930 [1997]; *Papakostas v Harkins, supra*).

Equally unavailing is the plaintiffs' argument that their act of making a substantial down payment constituted part performance of the draft agreement so as to take the agreement outside the statute of frauds (*see Bordeau v Oakley,* 185 AD2d 417, 419 [1992]; *Rothvoss & Sons v Estate of Neer,* 139 AD2d 37 [1988]; *Tuttle, Pendelton & Gelston v Dronart Realty Corp.,* 90 AD2d 830 [1982]).

The plaintiffs' remaining contentions are without merit. Krausman, J.P., Townes, Mastro and Rivera, JJ., concur.