JOHN LIERE et al., Appellants, v WIDE AWAKE FARMS, LLC, et al., Respondents. [796 NYS2d 701]—

In an action, inter alia, to impose a constructive trust upon certain real property, the plaintiffs appeal from an order of the

Supreme Court, Nassau County (Covello, J.), dated January 29, 2004, which granted the separate motions of the defendants Wide Awake Farms, LLC, and Jacob Hay for summary judgment dismissing the amended complaint insofar as asserted against them, and denied their cross motion for summary judgment on the third cause of action of the amended complaint seeking specific performance.

Ordered that the order is affirmed, with one bill of costs.

The defendant Jacob Hay established his prima facie entitlement to judgment as a matter of law by proffering evidence that neither he nor one of the purported assignees, Justin Dupree, ever subscribed to the assignment of the contract of sale at issue. Thus, Hay was not bound by it (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 563 [1980]).

Similarly, the defendant Wide Awake Farms, LLC, established its prima facie entitlement to judgment as a matter of law by presenting competent evidence that it, as the party to be charged, did not subscribe to the version of the subdivision agreement alleged in the amended complaint. Thus, that version of the subdivision agreement did not comply with the statute of frauds (*see* General Obligations Law § 5-703 [1]; *Carlton Ctr. v Carlton Nursing Home*, 303 AD2d 706, 707 [2003]; *Papakostas v Harkins,* 168 AD2d 547 [1990]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York, supra*).

The plaintiffs' remaining contentions are without merit. H. Miller, J.P., Cozier, Crane and Skelos, JJ., concur.