■ Tikvah Realty, LLC, Appellant, v Stanley Schwartz, Respondent. [841 NYS2d 616]—

In an action to compel specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated May 12, 2006, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In early 2005 the plaintiff and the defendant entered into negotiations for the sale of real property owned by the defendant. Although one of the plaintiff's principals signed a proposed contract at the office of the defendant's son, who was acting as the defendant's attorney, the defendant never executed the contract. After the defendant decided to sell the property to a third party, the plaintiff commenced this action seeking to compel specific performance of the proposed contract.

Contrary to the plaintiff's contention, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. The defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that he never signed the proposed contract (see General Obligations Law § 5-703 [1]; Carlton Ctr. v Carlton Nursing Home, 303 AD2d 706 [2003]; Donaldson Acoustics Co. v NAB Constr. Corp., 273 AD2d 192 [2000]). In opposition to the motion, the plaintiff failed to raise a triable issue of fact. Whether the defendant's son had the authority to bind the defendant is not relevant to the instant dispute, as the plaintiff concedes that the defendant's son did not sign the proposed contract in the first instance. Furthermore, the plaintiff's tender of a down payment upon signing the proposed contract, standing alone, did not constitute part performance which would take an oral agreement for the sale outside the statute of frauds (see Carlton Ctr. v Carlton Nursing Home, supra; Francesconi v Nutter, 125 AD2d 363 [1986]).

The plaintiff's remaining contention s are without merit. Schmidt, J.P., Santucci, Krausman and Balkin, JJ., concur.