(April 28, 2009)

■ ADRIAN FAMILY PARTNERS I, L.P., Appellant, v EXXONMOBIL CORPORATION et al., Respondents. [878 NYS2d 140]—

In an action, inter alia, to recover damages for breach of contract and for rescission of a contract, the plaintiff appeals from (1) so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), entered June 11, 2007, as granted the motion of the defendant ExxonMobil Corporation, and the separate motion of the defendants Trammell Crow Corporate Services, Inc., Eric Lefcourt, and Jack Walsdorf, for summary judgment dismissing the amended complaint insofar as asserted against each of them, and (2) a judgment of the same court entered February 19, 2008, which, upon the order entered June 11, 2007, and an order of the same court dated November 30, 2007, inter alia, granting the motion of the defendant ExxonMobil Corporation for summary judgment on its counterclaim for an award of an attorney's fee, is in favor of the defendants and against it, in effect, dismissing the complaint, and is in favor of the defendant ExxonMobil Corporation and against it in the principal sum of $10,000 on that defendant's counterclaim for an award of an attorney's fee.

Ordered that the appeal from the order entered June 11, 2007, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In the spring of 2000, the plaintiff landowner entered into negotiations with its tenant, the defendant ExxonMobil Corporation (hereinafter Exxon), for the sale of the leased premises, which culminated in a proposed contract of sale dated September 25, 2000 (hereinafter the September 2000 agreement). However, when Exxon allegedly refused to proceed with the transaction unless the plaintiff also agreed to sell it a larger parcel of land, the plaintiff signed a contract of sale referable to both the larger property and the leased premises on December 12, 2000 (hereinafter the December 2000 agreement).

On December 11, 2001, the plaintiff commenced this action in the Supreme Court, Westchester County, against Exxon and the brokers involved in the transaction, Trammell Crow Corporate Services, Inc., Eric Lefcourt, and Jack Walsdorf (hereinafter collectively the brokers), inter alia, to recover damages for breach of contract, economic duress, and fraud. The plaintiff alleged that the brokers led it to believe that Exxon was only interested in purchasing the leased premises, and that Exxon took advantage of the plaintiff's financial problems to force a sale of the larger property at a bargain price by threatening to renege on the contemplated purchase of the leased premises and to terminate the lease unless the plaintiff agreed to Exxon's terms.

In January 2002 the action was removed to the United States District Court for the Southern District of New York on the basis of diversity of citizenship. On April 26, 2002, the United States District Court granted a motion by Exxon's attorney, Paul F. Carvelli, for admission pro hac vice to appear before that Court on Exxon's behalf. In November 2003 the action was remitted back to the Supreme Court, Westchester County, for lack of subject matter jurisdiction. Carvelli was admitted pro hac vice by the Supreme Court in February 2006.

In the Supreme Court, the plaintiff filed and served an amended complaint asserting, inter alia, causes of action for rescission of the December 2000 agreement, and to recover damages for breach of both the September 2000 agreement and the lease. In Exxon's amended answer, it asserted a counterclaim to recover the attorney's fee it incurred in defending the cause of action alleging breach of the lease.

Contrary to the plaintiff's contention, the Supreme Court properly awarded summary judgment dismissing the causes of action alleging breach of the September 2000 agreement. Exxon

established its prima facie entitlement to judgment as a matter of law by demonstrating that it never signed the proposed contract and that enforcement of the September 2000 agreement was barred by the statute of frauds (*see* General Obligations Law § 5-703 [3]; *Tikvah Realty, LLC v Schwartz,* 43 AD3d 909 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact since it submitted only the conclusory and unsubstantiated assertion of one of its general partners that he "believe [d]" that an authorized representative of Exxon signed the contract, but could not locate a signed copy (*see Wolf v Citibank, N.A.,* 34 AD3d 574 [2006]). Additionally, contrary to the plaintiff's contention on appeal, the conduct in which Exxon engaged was not unequivocally referable to a contract of sale so as to constitute part performance sufficient to defeat the statute of frauds (*see Frankel v Ford Leasing Dev. Co.,* 7 AD3d 757 [2004]; *Francesconi v Nutter,* 125 AD2d 363 [1986]).

Furthermore, the Supreme Court properly awarded summary judgment to the defendants dismissing the causes of action for rescission of the December 2000 agreement. "[T]he equitable remedy [of rescission] is to be invoked only when there is lacking complete and adequate remedy at law and where the *status quo* may be substantially restored" (*Rudman v Cowles Communications,* 30 NY2d 1, 13 [1972]). In opposition to the defendants' prima facie showing that the plaintiff lacked the financial capacity to substantially restore the parties to the status quo, the plaintiff failed to raise a triable issue of fact (*see Singh v Carrington,* 18 AD3d 855 [2005]). Moreover, the plaintiff waived its right to seek rescission of the December 2000 agreement by failing to promptly seek rescission after accepting the benefits of that agreement (*see New York Tel. Co. v Jamestown Tel. Corp.,* 282 NY 365, 372-373 [1940]; *R & A Food Servs. v Halmar Equities,* 278 AD2d 398 [2000]; *Capstone Enters. of Port Chester v County of Westchester,* 262 AD2d 343 [1999]).

The Supreme Court also properly granted that branch of Exxon's motion which was for summary judgment dismissing the breach of lease cause of action asserted against it, and properly determined that Exxon was entitled to summary judgment on its counterclaim to recover the attorney's fee it incurred in defending the cause of action alleging breach of the lease. Pursuant to the lease, Exxon was entitled to an award of an attorney's fee as the prevailing party. Under the circumstances presented, the award of an attorney's fee in the sum of $10,000, which is referable only to the work undertaken during the period of time in which Exxon's attorney was admitted pro hac vice, was not excessive.

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Fisher, J.P., Miller, Chambers and Austin, JJ., concur.