■   JAGIR SINGH et al., Appellants, v SURINDER KUR et al., Respondents. [883 NYS2d 288]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated April 22, 2008, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (1) to dismiss the complaint and for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Jagir Singh (hereinafter the plaintiff) brought this action against the defendants Surinder Kur, Majinder Kur, and three limited liability companies, alleging that he entered into a contract with them to become a shareholder in Star-Bright Entertainment, Inc. (hereinafter Star-Bright), which was also named as a plaintiff for purposes of the plaintiff's shareholder derivative cause of action. The plaintiff alleged that he and the individual defendants' husbands agreed to develop a parcel of real property in Queens which was owned by Star-Bright, and that pursuant to that agreement he paid the defendants the sum of $300,000, which was to be used to develop the property. The plaintiff alleged that he was to receive shares of Star-Bright in exchange for the $300,000. The Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. We affirm.

As to the plaintiff's cause of action alleging breach of contract, the defendants met their prima facie burden establishing their entitlement to judgment as a matter of law by offering admis-

sible evidence that they never signed the proposed contract with the plaintiff and never received any money from him (*see Tikvah Realty, LLC v Schwartz,* 43 AD3d 909 [2007]). Since the contract was not signed by the defendants, the parties to be charged with its enforcement, it was void as against them pursuant to the statute of frauds (*see* General Obligations Law § 5-701 [a] [1]; *Vista Props., LLC v Rockland Ear, Nose & Throat Assoc., P.C.,* 60 AD3d 846 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether there was an enforceable oral contract under the doctrine of part performance (*see Anostario v Vicinanzo,* 59 NY2d 662, 664 [1983]). The plaintiff submitted an affidavit stating that he delivered the sum of $300,000 in cash to the individual defendants' husbands in a brown paper bag. However, the alleged delivery of this money was not "unequivocally referable" to the alleged contract, such as to constitute part performance (*see 745 Nostrand Retail Ltd. v 745 Jeffco Corp.,* 50 AD3d 768, 769 [2008]; *Tikvah Realty, LLC v Schwartz,* 43 AD3d 909 [2007]).

The Supreme Court properly granted summary judgment dismissing the shareholder derivative cause of action asserted on behalf of Star-Bright, as the defendants established their prima facie entitlement to judgment as a matter of law and the plaintiff failed to raise an issue of fact as to whether he ever acquired any stock in Star-Bright (*see* Business Corporation Law § 626 [b]; *see also Independent Inv. Protective League v Time, Inc.,* 50 NY2d 259, 263 [1980]).

The Supreme Court also properly granted summary judgment dismissing the plaintiff's remaining causes of action, inter alia, for money had and received, and to recover damages for unjust enrichment and fraud. The defendants established their prima facie entitlement to judgment as a matter of law on these causes of action and, in opposition, the plaintiff failed to raise an issue of fact as to whether the defendants committed the acts which formed the basis of those causes of action. According to the affidavits submitted by the plaintiff, the alleged wrongful conduct was on the part of the individual defendants' husbands, who are not parties to the action.

The plaintiff's remaining contentions are without merit, or need not be reached in light of our determination. Florio, J.P., Miller, Covello and Austin, JJ., concur. [*See* 2008 NY Slip Op 31313(U).]