Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered September 26, 2016. The order granted the motion of defendants for summary judgment dismissing the complaint.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Plaintiff commenced this action seeking specific performance of a contract for the purchase and sale of real property that was allegedly formed after plaintiff was the highest bidder at an auction for a parcel of property owned by defendants. Plaintiff appeals from an order granting defendants’ motion for summary judgment dismissing the complaint. We affirm.
 

 It is fundamental that “[s]pecific performance may be awarded only where there is a valid existing contract for which to compel performance” (Rojas v Paine, 101 AD3d 843, 846 [2d Dept 2012]). Contrary to plaintiff’s contention, we conclude that defendants met their initial burden on their motion by establishing that no valid contract existed inasmuch as the auction documents provided that the auction was conditional (see generally Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 449 [2016]), and defendants rejected plaintiff’s bid by declining to sign the purchase offer (see General Obligations Law § 5-703 [2]; Tikvah Realty, LLC v Schwartz, 43 AD3d 909, 909 [2d Dept 2007]; see also Post Hill, LLC v E. Tetz & Sons, Inc., 122 AD3d 1126, 1127-1128 [3d Dept 2014]).
 

 Plaintiff failed to raise a triable issue of fact in opposition to the motion. Contrary to plaintiff’s contention, we conclude that his participation in the auction and tender of a down payment upon signing the purchase offer were not “unequivocally referable” to a contract so as to render applicable the part performance exception to the statute of frauds (Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 235 [1999]; see General Obligations Law § 5-703 [4]; Tikvah Realty, LLC, 43 AD3d at 909). Rather, plaintiff’s actions constituted “preliminary steps which contemplate [d] the future formulation of an agreement” (Francesconi v Nutter, 125 AD2d 363, 364 [2d Dept 1986]; see Post Hill, LLC, 122 AD3d at 1128-1129; see generally Gracie Sq. Realty Corp. v Choice Realty Corp., 305 NY 271, 282 [1953]). We reject plaintiff’s further contention that defendants are equitably estopped from asserting the statute of frauds. Inasmuch as the auction was conditional and the formation of a binding contract remained subject to defendants’ acceptance of the purchase offer (see generally Stonehill Capital Mgt. LLC, 28 NY3d at 449), plaintiff could not reasonably rely on his submission of the highest bid along with statements in the auction documents that the parcel would “sell subject to immediate confirmation” as establishing a promise by defendants to sell the property to him (see Dates v Key Bank Natl. Assn., 300 AD2d 1090, 1090 [4th Dept 2002]). Defendants declined to accept plaintiff’s purchase offer, and they were therefore entitled to enter into a contract for the sale of the parcel with another party. Thus, “estoppel does not lie” in this case (id.).
 

 Present—Smith, J.P., Peradotto, DeJo-seph, NeMoyer and Curran, JJ.