Johnson v City of Mount Vernon (2023 NY Slip Op 01502)

Johnson v City of Mount Vernon

2023 NY Slip Op 01502

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2019-13093
 (Index No. 51304/15)

[*1]Amelia Politi Johnson, appellant, 
v
City of Mount Vernon, respondent.

Nancy A. Luongo, Harrison, NY, for appellant.
Coughlin & Gerhart, LLP, Binghamton, NY (Paul J. Sweeney, Steven L. Foss, and Devin M. Dilts of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an amended order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated October 11, 2019. The amended order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for breach of contract, fraudulent inducement, and fraudulent misrepresentation.
ORDERED that the amended order is affirmed insofar as appealed from, with costs.
In June 1969, the plaintiff began working as a nonunion employee for the defendant, City of Mount Vernon. After approximately 10 years, the then-Mayor of the City allegedly told the plaintiff that if she voluntarily left her position at that time she would be eligible to receive full retirement medical benefits when she reached the age of 55, even though she would not continue working for the City. City officials allegedly represented to the plaintiff that she would be eligible for such benefits pursuant to a resolution the City had adopted on November 24, 1976 (hereinafter the 1976 resolution). The 1976 resolution provided: "RESOLVED, that the City of Mount Vernon hereby elects to contribute one hundred per cent (100%) of the cost of individual and dependent health insurance coverage as the city's rate of contribution in the New York State Government Employees' Health Insurance Program for those employees not members of a negotiating unit who shall retire on and after January 1, 1977." The plaintiff agreed to the Mayor's proposal and resigned from her position with the City in December 1980. The plaintiff did not receive medical benefits under the New York State Health Insurance Program (hereinafter NYSHIP) directly or as a dependent at any time after ending her employment with the City.
Upon reaching the age of 55, the plaintiff filed an application for retirement benefits on or about August 15, 2005. However, by letter dated December 11, 2014, the City informed the plaintiff that it had determined that she was not eligible to enroll in NYSHIP as a retiree.
The plaintiff commenced this action against the City and amended the complaint to assert causes of action, among other things, to recover damages for breach of contract, fraudulent inducement, and fraudulent misrepresentation, alleging in essence that the City breached its promise to provide her with postretirement health insurance coverage. The City moved, inter alia, for [*2]summary judgment dismissing the breach of contract, fraudulent inducement, and fraudulent misrepresentation causes of action. In an amended order dated October 11, 2019, the Supreme Court, among other things, granted those branches of the motion. The plaintiff appeals.
The Supreme Court properly granted those branches of the City's motion which were for summary judgment dismissing the breach of contract causes of action. The breach of contract causes of action are premised upon the plaintiff's assertion that the 1976 resolution entitled her to retirement health benefits, based on the text of the 1976 resolution and the representations of City officials as to the effect of the 1976 resolution. Resolving the issue of whether the plaintiff is entitled to retirement health benefits "requires examination of the relevant . . . plan documents" (Matter of Parrino v Albertson Water Dist., 118 AD3d 802, 802; see Matter of Consolidated Mut. Ins. Co., 77 NY2d 144, 147). The plain language of those documents, as well as the applicable statutes and regulations, provide for postemployment health insurance benefits only for vested employees who, upon termination of their employment with a participating agency, continue coverage under NYSHIP as an enrollee or a dependent of an enrollee while in vested status with no lapse in NYSHIP coverage (see Retirement and Social Security Law § 2[18]; Civil Service Law § 163[3]; 4 NYCRR 73.1[e]; 73.2[a][3][iv]). The City established, prima facie, that the plaintiff experienced a lapse in coverage and was therefore not eligible for retirement health benefits.
In opposition, the plaintiff failed to raise a triable issue of fact. The plain language of the 1976 resolution does not affect the plaintiff's eligibility for retirement health benefits in the event of a lapse in coverage. To the extent that the plaintiff otherwise submitted evidence tending to substantiate her allegation that City officials made verbal and written representations that she would be eligible for retirement health benefits despite her undisputed lapse in coverage, such evidence was insufficient to raise a triable issue of fact, since at best it showed that the City's officials made promises that the City lacked the authority to fulfill (see Matter of Parrino v Albertson Water Dist., 118 AD3d at 803; Mans Constr. Oversite, Ltd. v City of Peekskill, 114 AD3d 911, 911; International Merchants v Village of Old Field, 203 AD2d 247, 248). Moreover, contrary to the plaintiff's further contention, the doctrine of estoppel is inapplicable (see Matter of Parkview Assoc. v City of New York, 71 NY2d 274, 282; International Merchants v Village of Old Field, 203 AD2d at 248).
The Supreme Court also properly granted that branch of the City's motion which was for summary judgment dismissing the causes of action alleging fraudulent misrepresentation and fraudulent inducement. The City established, prima facie, that the alleged untrue representations underlying those causes of action are the same as those underlying the breach of contract causes of action (see Stangel v Zhi Dan Chen, 74 AD3d 1050, 1052). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are either not properly before this Court or without merit.
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court