Imperium Blue Acquisition Partners, LLC v Marathon Asset Mgt., L.P. (2025 NY Slip Op 01317)

Imperium Blue Acquisition Partners, LLC v Marathon Asset Mgt., L.P.

2025 NY Slip Op 01317

Decided on March 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025

Before: Moulton, J.P., Kennedy, Gesmer, Mendez, Rodriguez, JJ. 

Index No. 650497/24|Appeal No. 3880|Case No. 2024-05554|

[*1]Imperium Blue Acquisition Partners, LLC, et al., Plaintiffs-Respondents,
v
Marathon Asset Management, L.P., et al., Defendants-Appellants.

Katten Muchin Rosenman LLP, New York (Robert T. Smith of counsel), for appellants.
Reichman Jorgensen Lehman & Feldberg LLP, New York (Caroline M. Walters of counsel), for respondents.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered August 29, 2024, which denied defendants' motion to dismiss the fraud and promissory estoppel causes of action, unanimously reversed, on the law, with costs, and the motion granted.
Plaintiffs did not, as a matter of law, adequately allege the reasonable reliance element required to state causes of action for fraud and promissory estoppel. The relevant terms of the parties' term sheet, including those allowing defendants to require all normal and customary due diligence items, including "survey" reports, directly contradicted the alleged prior oral promises defendants made that they would use best efforts to close the financing by a certain date by expediting and streamlining the due diligence process (see Braddock v Braddock, 60 AD3d 84, 91 [1st Dept 2009]; Sanyo Elec. v Pinros & Gar Corp., 174 AD2d 452, 453 [1st Dept 1991]).
Nor could plaintiffs properly state their claims based on allegations of reasonable reliance on the promises or assurances defendants allegedly made after the signing of the term sheet and during the due diligence period, as those alleged promises were made during the exclusivity period when plaintiffs were not entitled to work with other lenders. Plaintiffs could not have been induced by defendants' assurances to continue to "tender a performance which [was] required as a part of a preexisting contractual obligation" (Megaris Furs v Gimbel Bros., 172 AD2d 209, 212 [1st Dept 1991]; see also Iberdrola Energy Projects v Oaktree Capital Mgt. L.P., 231 AD3d 33, 44 [1st Dept 2024]).
Based on the foregoing, we do not reach the issue of whether plaintiffs satisfied the pleading requirements with respect to the other elements of their claims.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2025