Dacko v Kiladze (2025 NY Slip Op 07165)

Dacko v Kiladze

2025 NY Slip Op 07165

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, GREENWOOD, DELCONTE, AND HANNAH, JJ.

887 CA 24-02027

[*1]RYAN DACKO, PLAINTIFF-RESPONDENT,
v
IRAKLI KILADZE, DEFENDANT-APPELLANT.

CERIO LAW OFFICES, PLLC, SYRACUSE (DAVID W. HERKALA OF COUNSEL), FOR DEFENDANT-APPELLANT.
SMITH SOVIK KENDRICK & SUGNET, P.C., SYRACUSE (KAREN G. FELTER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered May 31, 2024. The order and judgment, insofar as appealed from, granted the motion of plaintiff insofar as it sought summary judgment on the ejectment causes of action and summary judgment dismissing the counterclaims. 
It is hereby ORDERED that the order and judgment insofar as appealed from is unanimously reversed on the law without costs, those parts of the motion for summary judgment seeking an order ejecting defendant and for summary judgment dismissing the counterclaims are denied, the counterclaims are reinstated, and the second and third ordering paragraphs are vacated.
Memorandum: Plaintiff commenced this action seeking, inter alia, an order ejecting defendant from plaintiff's residential property. According to the complaint, defendant began living at the property with plaintiff's permission in July 2019, at which time plaintiff and defendant entered into an oral agreement requiring defendant to pay plaintiff $40,000 for the purchase of the home within one year. Based upon defendant's purported breach of the agreement and his continued occupancy of the home, the complaint sought an order ejecting defendant from the property. Defendant answered and asserted counterclaims. Plaintiff moved for, inter alia, summary judgment on his causes of action for ejectment and summary judgment dismissing defendant's counterclaims. Supreme Court granted the motion with respect to the ejectment causes of action and the counterclaims on the grounds that the purported oral agreement was void as a result of the statute of frauds and that the part performance exception thereto did not apply. As limited by his brief, defendant appeals from the order and judgment to that extent, and we reverse the order and judgment insofar as appealed from.
It is well established that "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). "This burden is a heavy one and on a motion for summary judgment, 'facts must be viewed in the light most favorable to the non-moving party' " (William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 475 [2013]), and "every available inference must be drawn in the [non-moving party's] favor" (De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]). "To establish a prima facie entitlement to ejectment, a plaintiff must show that (1) [they are] the owner of an estate in tangible real property, (2) with a present or immediate right to possession thereof, and (3) the defendant is in present possession of the estate" (MRR Prop. Solutions, LLC v Jiang, 240 AD3d 1300, 1301 [4th Dept 2025] [internal quotation marks omitted]).
In support of his motion, plaintiff submitted, inter alia, defendant's deposition testimony. Defendant testified that he and plaintiff were friends and that plaintiff allowed him to move into [*2]plaintiff's then-vacant home in 2019 with no agreement to pay rent. Sometime thereafter, the parties orally agreed that, over a period of three years, defendant would pay plaintiff $40,000 for the purchase of the home. Defendant was to pay $600 per month during the first year, and there was no specified payment schedule for the remainder of the term. Defendant made 12 monthly payments of $600 in the first year and thereafter made various lump-sum payments to plaintiff, for a total of $33,200. Defendant also tendered the funds to pay the outstanding balance, but plaintiff rejected that payment and commenced court proceedings.
Viewing the evidence in the light most favorable to defendant and giving him the benefit of every favorable inference (see De Lourdes Torres, 26 NY3d at 763; William J. Jenack Estate Appraisers & Auctioneers, Inc., 22 NY3d at 475), we agree with defendant that the court erred in granting the motion with respect to the ejectment causes of action inasmuch as the above testimony raises questions of fact whether the doctrine of part performance takes the alleged oral agreement outside the statute of frauds and thereby raises questions of fact as to plaintiff's entitlement to ejectment, specifically his status as owner and right to possession of the property (see generally MRR Prop. Solutions, LLC, 240 AD3d at 1301-1302; GSMS 2015-GC34 Commerce Ct., LLC v Calamar Constr. Mgt., Inc., 235 AD3d 1290, 1291 [4th Dept 2025]).
Although such an oral agreement would generally be unenforceable under the statute of frauds, which provides, inter alia, that a "contract for . . . the sale[ ] of any real property . . . is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing" (General Obligations Law § 5-703 [2]), an exception exists "in cases of part performance" (§ 5-703 [4]), i.e., where a party to an otherwise unenforceable oral agreement has partially performed under it. The exception is an equitable one, which recognizes that a party may "waive [the] protection [of the statute of frauds] . . . by inducing or permitting without remonstrance another party to the agreement to do acts, pursuant to and in reliance upon the agreement, to such an extent and so substantial in quality as to irremediably alter [the] situation and make the interposition of the statute against performance a fraud" (Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 235 [1999] [internal quotation marks omitted]). Importantly, "[t]he [part] performance must be unequivocally referable to the agreement" (id.; see Dates v Key Bank Natl. Assn., 300 AD2d 1090, 1090 [4th Dept 2002]; Gier v Bissell, 188 AD2d 1040, 1041 [4th Dept 1992]).
Based on defendant's deposition testimony, we conclude that questions of fact exist regarding defendant's part performance under the alleged oral agreement, such that it may be enforced despite the statute of frauds (see generally Ognenovski v Wegman, 275 AD2d 1013, 1014-1015 [4th Dept 2000]). Therefore, we likewise conclude that questions of fact exist regarding plaintiff's status as an owner and right to possession of the property (see generally MMR Prop. Solutions, LLC, 240 AD3d at 1301-1302; GSMS 2015-GC34 Commerce Ct., LLC, 235 AD3d at 1291).
We further conclude that, based on those same questions of fact, the court erred in granting the motion with respect to the counterclaims, which themselves were based upon the terms and performance under the oral agreement alleged by defendant (see generally Corter-Longwell v Juliano, 200 AD3d 1578, 1584 [4th Dept 2021]).
Because the above questions of fact were raised by plaintiff's own submissions, the motion with respect to the ejectment causes of action and the counterclaims must be denied without regard to the sufficiency of the opposing papers (see generally Matter of Rodriguez, 239 AD3d 1270, 1271 [4th Dept 2025]).
We have reviewed plaintiff's contentions raised as alternative grounds for affirmance (see generally Ardalan v Safaie, 239 AD3d 1433, 1436 [4th Dept 2025]) and conclude that none has merit.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court